```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

```
TORMU E. PRALL,                  :
                                 :    Civil Action No. 10-1228
(FLW)
          Plaintiff,             :
                                 :
     v.                          :    MEMORANDUM OPINION
                                 :
JOSEPH L. BOCCHINI, JR.,         :
et al.,                          :
                                 :
          Defendants.            :
```

**APPEARANCES**:

    TORMU E. PRALL, Plaintiff pro se
    #700294B/650739
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625

**WOLFSON**, District Judge

    Plaintiff Tormu E. Prall, a prisoner presently confined at the New Jersey State Prison in Trenton, New Jersey, seeks to bring this civil action under 42 U.S.C. § 1983, alleging civil rights violations.  Plaintiff submits this action in forma pauperis, pursuant to 28 U.S.C. § 1915.  For the following reasons, Plaintiff's request to proceed in forma pauperis will be denied.

### BACKGROUND

    Plaintiff's Complaint alleges that he has been confined to the Management Control Unit ("MCU") at the New Jersey State Prison ("NJSP") since December 12, 2009, based on allegedly

false disciplinary infractions against him.  Plaintiff states that he is a conscientious objector to the criminal justice process as it applies to him and has been incarcerated for his refusal to appear at his January 2008 criminal trial and submit to his ultimate conviction at that trial.  (Complaint, ¶¶ 12-13).

Plaintiff claims that he was placed in the MCU for three weeks with only a gown and mattress.  He received no supplies to clean blood and feces on the floor in his cell.  Plaintiff was under close/camera watch during this time.  He states that when he complained about the dirty conditions of his cell, certain correctional officers slapped, joked, punched, kicked, clubbed, and threatened plaintiff.  Plaintiff alleges that the camera was covered during this alleged assault.  He does not allege that he required medical treatment for any injuries from the alleged beating.  (Compl., ¶ 14).

Plaintiff further states that after three weeks, he remained in a MCU cell without blankets, sheets, shoes, towels, toiletries and canteen privileges.  He also was denied access to paralegal assistance and his legal documents purportedly were withheld from him.  (Compl., ¶ 15).  However, Plaintiff has been able to communicate with this Court via this Complaint and other pleadings and letters related to this case during this time.

Plaintiff seeks $1 million in compensatory damages and $1 million dollars in punitive damages from the named defendants.[1] He also seeks unspecified declaratory and injunctive relief. This Court presumes that Plaintiff is seeking to be released from the MCU on a claim of unconstitutional conditions of confinement and denial of access to the courts.

### DISCUSSION

Plaintiff seeks to proceed with this action in forma pauperis, pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, prohibits a prisoner from bringing a civil action in forma pauperis pursuant to 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

---

[1] Plaintiff names the following defendants in this matter: Joseph L. Bocchini, Jr., Mercer County Prosecutor; Arthur R. Sypek, Jr., Mercer County Counsel; Charles Ellis, Warden at Mercer County Correction Center ("MCCC"); Phyllis Oliver, Head of Internal Affairs at MCCC; Michelle R. Ricci, Administrator at NJSP; Brian M. Hughes; Kelvin S. Ganges; Andrew A. Mair; Sarah G. Crowley; J. McCall; E. Williams; T. Wilkie; Nurse Pete S.; Dr. Robert Roth; Dr. Gooriah; Social Worker Lydia; William J. Moliens; Chris Holmes; Jimmy Barnes; James Drumm; Ron Wanger; James Keil; Lt. Alaimo; Crystal Raupp; Ms. Ishmael; Shirley Stephens; Sgt. Newsom; Ortiz; John Does 1-25; John Moes 1-10; and John Roes 1-99. (Complaint, Caption and ¶¶ 3-8).

imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see also Keener v. Pennsylvania Board of Probation & Parole, 128 F.3d 143, 144-45 (3d Cir. 1997) (holding that frivolousness dismissals prior to enactment of PLRA count as "strikes" under § 1915(g)). A prisoner who has three or more such dismissals may be excused from this rule only if he is "under imminent danger of serious physical injury." Id. When deciding whether an inmate meets the "imminent danger" requirement, a court must examine the situation faced by the inmate at the time of the filing of the complaint, and a showing of danger in the past is insufficient to demonstrate "imminent danger." Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001).

An examination of court records reveals plaintiff has filed numerous civil actions in the District of New Jersey. More than three of these actions have been dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A. See, e.g., Prall v. Whitman, et al., Civil No. 00-2718 (GEB); Prall v. New Jersey Department of Corrections, Civil No. 01-18 (JHR); Prall v. New Jersey Parole Board, Civil No. 01-44 (GEB); Prall v. Consovoy, Civil No. 01-1075 (SMO); and Prall v. Payton, et al., Civil No. 01-1990 (SMO).

Indeed, Mr. Prall has been a inexorable litigant in this federal court, despite his "conscientious objection" to the

4

judicial process, in numerous and recent actions, all of which have been dismissed by the court for lack of jurisdiction or failure to state a claim.  See, for example, Prall v. Ellis, Civil No. 08-6050 (FLW); Prall v. Ellis, Civil No. 09-271 (GEB); Prall v. City of Boston, et al., Civil No. 09-272 (FLW); Prall v. Superior Court of New Jersey, et al., Civil No. 09-1531 (MLC); Prall v. Superior Court of New Jersey, et al., Civil No. 09-1831 (MLC); Prall v. Trenton Municipal Court, Civil No. 09-2466 (MLC); Prall v. East Windsor Municipal Court, Civil No. 09-2603 (FLW); Prall v. Assignment Judge, Civil No. 09-2608 (FLW); Prall v. Burlington County Municipal Court, Civil No. 09-2615 (NLH); and Prall v. Bucks County Courthouse, Civil No. 09-3088 (FLW).

Clearly then, Plaintiff has exceeded the statutory limit as set forth in 28 U.S.C. § 1915(g) and is precluded from seeking in forma pauperis status based on the "three strikes" rule unless he alleges facts to show that he is in "imminent danger of serious physical injury", which would excuse him from the restrictions under § 1915(g).

In his Complaint, Plaintiff makes perfunctory and insufficient claims of "imminent danger."  Indeed, he is simply invoking the "code word" of "imminent danger" to overcome with minimal effort his preclusion from seeking in forma pauperis status under 28 U.S.C. § 1915(g).  He states no serious harm or

5

injury, and in fact, his allegations are limited solely to a past incident which fails to allege serious physical injury. As noted above, the threat of imminent danger must be prospective and cannot relate to a past incident of harm as alleged here. See Abdul-Akbar, 239 F.3d at 312. Therefore, because the Complaint in this action does not contain sufficient allegations reasonably suggesting that Plaintiff is in "imminent danger of serious physical injury", which would excuse him from the restrictions under § 1915(g), Plaintiff may not proceed in forma pauperis.

This Court makes no findings as to whether or not Defendants have violated any state or federal law, or otherwise violated Plaintiff's constitutional rights. However, this Court finds that Plaintiff has not demonstrated "imminent danger" in order to override the "three strikes" requirement of § 1915(g).

## CONCLUSION

Based on the foregoing, Plaintiff's request to proceed in forma pauperis will be denied, pursuant to 28 U.S.C. § 1915(g). As set forth in the accompanying Order, Plaintiff's case will be administratively terminated. Upon submission of the filing fee within 30 days, Plaintiff may move to reopen his case, if he so chooses.

Dated: August 16, 2010     S/Freda L. Wolfson
                           FREDA L. WOLFSON
                           United States District Judge