**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TORMU E. PRALL, | : | Civil No.: 10-1228 (FLW) |
|  | : |  |
| Petitioner, | : |  |
|  | : |  |
| v. | : | **O P I N I O N** |
|  | : |  |
| JOSEPH L. BOCCHINI, JR., | : |  |
| et al., | : |  |
|  | : |  |
| Respondents. | : |  |

**APPEARANCES:**

TORMU E. PRALL, Petitioner <u>Pro Se</u>
#531669
Mercer County Detention Center
P.O. Box 8068
Trenton, New Jersey  08650

**WOLFSON**, District Judge

This matter comes before the Court upon the motions of <u>pro se</u> petitioner, Tormu E. Prall ("Prall") for vacatur (Docket entry no. 17) and for recusal (Docket entry no. 22).  Prall submitted his application for vacatur on February 3, 2011, and his motion for recusal on or about May 2, 2011.[1]  These motions are decided without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated below, the motions will be denied.

---

[1]  On February 24, 2011, Prall also filed a motion for a preliminary and permanent injunction (Docket entry no. 18), which this Court will address in a separate Opinion.

## I.   **BACKGROUND**

On or about March 8, 2010, Prall filed a Complaint against numerous defendants,[2] alleging that he has been confined to the Management Control Unit ("MCU") at the New Jersey State Prison ("NJSP") since December 12, 2009, based on allegedly false disciplinary infractions against him.  Prall states that he is a conscientious objector to the criminal justice process as it applies to him and has been incarcerated for his refusal to appear at his January 2008 criminal trial and submit to his ultimate conviction at that trial.  (See Complaint at ¶¶ 12-13, Docket entry no. 1).  The Complaint further alleged that Prall had been placed in the MCU for three weeks with only a gown and mattress.  He received no supplies to clean blood and feces on the floor in his cell.  Prall was under close/camera watch during this time.  The Complaint also states that when Prall complained about the dirty conditions of his cell, certain correctional officers slapped, joked, punched, kicked, clubbed , and

---

[2]   The Complaint names the following defendants:  Joseph L. Bocchini, Jr., Mercer County Prosecutor; Arthur R. Sypek, Jr., Mercer County Counsel; Charles Ellis, Warden at Mercer County Correction Center ("MCCC"); Phyllis Oliver, Head of Internal Affairs at MCCC; Michelle R. Ricci, Administrator at NJSP; Brian M. Hughes; Kelvin S. Ganges; Andrew A. Mair; Sarah G. Crowley; J. McCall; E. Williams; T. Wilkie; Nurse Pete S.; Dr. Robert Roth; Dr. Gooriah; Social Worker Lydia; William J. Moliens; Chris Holmes; Jimmy Barnes; James Drumm; Ron Wanger; James Keil; Lt. Alaimo; Crystal Raupp; Ms. Ishmael; Shirley Stephens; Sgt. Newsom; Ortiz; John Does 1-25; John Moes 1-10; and John Roes 1-99.  (Complaint, Caption and ¶¶ 3-8).

threatened plaintiff.  Plaintiff alleges that the camera was covered during this alleged assault.  The Complaint did not allege that Prall needed medical treatment for any injuries from the alleged beating.  Prall contends that he has remained in a MCU cell without blankets, sheets, shoes, towels, toiletries and canteen privileges.  He also was denied access to paralegal assistance and his legal documents purportedly were withheld from him.  (Id., Compl., ¶¶ 14, 15).

The Complaint seeks $1 million in compensatory damages and $1 million dollars in punitive damages from the named defendants, as well as unspecified declaratory and injunctive relief.  (Id.).

On July 1, 2010, Prall filed an amended Complaint.  (Docket entry no. 5).  On August 16, 2010, this Court issued a Memorandum Opinion and Order, (Docket entry nos. 10 and 11), administratively terminating the case because Prall's filing was subject to the "three strikes" provision under 28 U.S.C. § 1915(g), and Prall had failed to pay the requisite $350.00 filing fee.  Specifically, this Court found:

> An examination of court records reveals plaintiff has filed numerous civil actions in the District of New Jersey. More than three of these actions have been dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A.  See, e.g., Prall v. Whitman, et al., Civil No. 00-2718 (GEB); Prall v. New Jersey Department of Corrections, Civil No. 01-18 (JHR); Prall v. New Jersey Parole Board, Civil No. 01-44 (GEB); Prall v. Consovoy, Civil No. 01-1075 (SMO); and Prall v. Payton, et al., Civil No. 01-1990 (SMO).
> Indeed, Mr. Prall has been a inexorable litigant in this federal court, despite his "conscientious objection" to the judicial process, in numerous and recent actions, all of

3

which  have been dismissed by the court for lack of
jurisdiction or failure to state a claim.  <u>See</u>, for example,
<u>Prall v. Ellis</u>, Civil No. 08-6050 (FLW); <u>Prall v. Ellis</u>,
Civil No. 09-271 (GEB); <u>Prall v. City of Boston, et al.</u>,
Civil No. 09-272 (FLW); <u>Prall v. Superior Court of New
Jersey, et al.</u>, Civil No. 09-1531 (MLC); <u>Prall v. Superior
Court of New Jersey, et al.</u>, Civil No. 09-1831 (MLC); <u>Prall
v. Trenton Municipal Court</u>, Civil No. 09-2466 (MLC); <u>Prall
v. East Windsor Municipal Court</u>, Civil No. 09-2603 (FLW);
<u>Prall v. Assignment Judge</u>, Civil No. 09-2608 (FLW); <u>Prall v.
Burlington County Municipal Court</u>, Civil No. 09-2615 (NLH);
and <u>Prall v. Bucks County Courthouse</u>, Civil No. 09-3088
(FLW).

        Clearly then, Plaintiff has exceeded the statutory
limit as set forth in 28 U.S.C. § 1915(g) and is precluded
from seeking <u>in forma pauperis</u> status based on the "three
strikes" rule unless he alleges facts to show that he is in
"imminent danger of serious physical injury", which would
excuse him from the restrictions under § 1915(g).

        In his Complaint, Plaintiff makes perfunctory and
insufficient claims of "imminent danger."  Indeed, he is
simply invoking the "code word" of "imminent danger" to
overcome with minimal effort his preclusion from seeking <u>in
forma pauperis</u> status under 28 U.S.C. § 1915(g).  He states
no serious harm or injury, and in fact, his allegations are
limited solely to a past incident which fails to allege
serious physical injury.  As noted above, the threat of
imminent danger must be prospective and cannot relate to a
past incident of harm as alleged here.  <u>See Abdul-Akbar</u>, 239
F.3d at 312.  Therefore, because the Complaint in this
action does not contain sufficient allegations reasonably
suggesting that Plaintiff is in "imminent danger of serious
physical injury", which would excuse him from the
restrictions under § 1915(g), Plaintiff may not proceed <u>in
forma pauperis</u>.

        This Court makes no findings as to whether or not
Defendants have violated any state or federal law, or
otherwise violated Plaintiff's constitutional rights.
However, this Court finds that Plaintiff has not
demonstrated "imminent danger" in order to override the
"three strikes" requirement of § 1915(g).
(August 16, 2010 Memorandum Opinion at pp. 4-6, Docket entry no.

10).

Prall had appealed the Court's ruling to the United States Court of Appeals for the Third Circuit.  (Docket entry no. 12). On February 3, 2011, Prall filed a motion to vacate this Court's August16, 2010 Opinion and Order, which had administratively terminated his case.  (Docket entry no. 17).

On April 28, 2011, the Third Circuit issued a judgment on Prall's appeal, vacating this Court's administrative termination of the action under 28 U.S.C. § 1915(g).  Namely, the Third Circuit found that Prall's amended Complaint had alleged "a continuing danger of serious physical injury that was imminent at the time he filed his complaint."  Accordingly, the Third Circuit directed that this Court's Order be vacated and remanded the matter for this Court:

> to grant Prall's motion for leave to proceed IFP if it determines that he has made a sufficient showing of indigence, see Gibbs v. Ryan, 160 F.3d 160, 161 n.1 (3d Cir. 1998), and thereafter to conduct such further proceedings as may be appropriate.  We emphasize that we express no opinion on the merits of Prall's claims and that his complaint remains subject to screening under 28 U.S.C. § 1915(e).  See Gibbs, 160 F.3d at 967.  Prall's motions to expedite this appeal and for other relief are denied.

(April 6, 2011 Opinion at pp. 4-5, Docket entry no. 21).

Thereafter, Prall filed a motion for recusal on May 2, 2011, as well as a renewed motion for a preliminary injunction.[3] (Docket entry no. 22).

_____

[3]  As noted above, Prall's request for injunctive relief will be considered separately from the motions at issue here.

## II.  <u>ANALYSIS</u>

A.  <u>Motion for Vacatur</u>

Prall's motion for vacatur (docket entry no. 17) will be denied as moot.  As set forth above, the Third Circuit vacated this Court's August 16, 2010 Order and remanded this matter for screening under 28 U.S.C. § 1915.  Accordingly, Prall has obtained the relief he seeks with his vacatur motion, and the motion is now rendered moot.

B.  <u>Motion for Recusal</u>

Title 28 U.S.C. § 455(a) provides, "[a]ny justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The other applicable recusal statute, 28 U.S.C. § 144, provides "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein."[4]  Under 28 U.S.C. §

---

[4]  Here, Prall fails to explicitly move under either § 455(a) or § 144.  However, the Court is satisfied that the motion can be analyzed by this Court under both § 455(a) and § 144.  If a recusal motion is made pursuant to § 455, the questioned judge is entitled to rule upon the motion.  If the motion is made pursuant to § 144, another judge must rule on the recusal motion so long as the supporting affidavit meets the "sufficiency test."  <u>In re Kensington Int'l Ltd.</u>, 353 F.3d 211, 224 (3d. Cir. 2003).  The Court is satisfied that the supporting affidavit does not meet the "sufficiency test," and, hence, may be ruled upon by this Court.

455(a), it is not the case that a judge should recuse himself where, in his opinion, sitting would be inappropriate.  The correct inquiry is whether the judge's impartiality has been reasonably questioned.  In re Prudential Ins. Co. Of Am. Sales Practice Litig. Agent Actions (Krell), 148 F.3d 283, 343 (3d Cir. 1998), cert. denied 525 U.S. 1114 (1999).  The alleged prejudice usually obtains from an extrajudicial source; a judge's prior adverse ruling alone is not sufficient cause for recusal. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. ... [They] can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not recusal." In re Levi, 314 Fed. Appx. 418, 419 (3d Cir. 2008)(quoting Liteky v. United States, 510 U.S. 540, 555 (1994)). An alternative means of recusal is governed under 28 U.S.C. § 144, which enables recusal upon timely submission of an affidavit and supporting certificate of good faith.

Here, Prall has failed to submit a certified or notarized affidavit.  Rather, he provides only a motion alleging grounds for recusal based on unsupported, conclusory statements.[5]  For

---

[5]  The Court is aware of judicial decisions in the Third Circuit that have questioned the validity of disqualification motions submitted in response to adverse rulings.  In re Kensington Int'l Ltd., 368 F.3d 289, 314-315 (3d Cir. 2004)(positing that when a party "is aware of the grounds supporting recusal, but fails to act until the judge issues an

instance, he relies on his motions for vacatur that he filed in his earlier actions before this Court, <u>Prall v. Ellis</u>, Civil No. 08-6050 (FLW), <u>Prall v. City of Boston</u>, Civil No. 09-272 (FLW), <u>Prall v. East Windsor Municipal Court</u>, Civil No. 09-2603 (FLW), <u>Prall v. Assignment Judge</u>, Civil No. 2608 (FLW), and <u>Prall v. Bucks County Courthouse</u>, Civil No. 09-3088 (FLW).  In those motions, Prall alleged that this Court (1) rendered a biased opinion and acted as "prosecutor" by advancing the private interests of the U.S. Marshals and local police, (2) "attempted to improperly influence other judges to treat petitioner in a demonstrably egregious and hostile manner and to dislike the petitioner personally," (3) "misused her appointment power to show favoritism" to the U.S. Marshals, (4) "vilified petitioner's character, credibility, reputation and record," and (5) failed to demonstrate "integrity, impartiality, propriety and independence." (<u>See</u> Petitioner's Motion to Vacate, docket entry no 4-1 in Civil No. 09-2603 (FLW), to which the instant recusal motion refers, as well as his other vacatur motions listed above).  Prall provided no basis for these argumentative and conclusory statements.

---

adverse ruling, the recusal [typically] is not timely.")  Given such authority, the Court would find that Prall's recusal motion is not timely.  Nevertheless, the timeliness of Prall's motion is of little significance, as the Court holds that Prall's motion is wholly conclusory and insufficient to convince a reasonable person of the Court's alleged bias.

Likewise, Prall made similar allegations in a referenced Complaint of Judicial Misconduct and in his appeal of this matter before the Third Circuit.  Again, no substantiation for his argumentative and conclusory statements were provided.

The Court of Appeals for the Third Circuit has held that the challenged judge must determine only the sufficiency of the affidavit, not the truth of the assertions.  Mims v. Shapp, 541 F.2d 415, 417 (3d Cir. 1976).  The Third Circuit also has held that the allegations in a § 144 affidavit must convince a reasonable person of the Judge's partiality.  United States v. Dansker, 537 F.2d 40, 53 (3d Cir. 1976), cert. denied 429 U.S. 1038 (1977).

Moreover, recusal is not required in this instance simply because Prall has initiated litigation against this Court (noting Prall's judicial ethics complaint).  "The mere filing of a complaint of judicial misconduct is not grounds for recusal." Ginsberg v. Evergreen Sec., Ltd., 570 F.3d 1257, 1265 (11th Cir. 2009).  "It would be detrimental to the judicial system if a judge had to disqualify himself anytime someone filed a complaint about his conduct.  A party would only have to file a complaint to get a different judge." Id.  See also Callihan v. Eastern Kentucky Production Credit Ass'n, 895 F.2d 1412 (6th Cir. 1990); United States v. Studley, 783 F.2d 934, 939-40 (9th Cir. 1986)(a judge is not disqualified by a litigant's suit or threatened

9

suit, or by a litigant's "intemperate and scurrilous attacks");
In re Martin-Trigona, 573 F. Supp. 1237, 1243 (D. Conn. 1983).

The Court is not convinced that recusal is appropriate under either 28 U.S.C. § 455(a) or 28 U.S.C. § 144.  The Court declines to recuse itself under § 455, as the Court is not convinced that its impartiality has been reasonably questioned.  The Court is satisfied that a reasonable person would not be convinced of the Court's alleged bias after reading Prall's moving papers. Prall's motion is largely conclusory and devoid of factual allegations that would render recusal appropriate.  Liteky, 510 U.S. at 555.  Similarly, removal under 28 U.S.C. § 144 is not appropriate. Section 144 requires an affidavit of fact that must convince a reasonable person of the Judge's partiality.  Dansker, 537 F.2d at 53.  Here, Prall's motion (based on other unsubstantiated motions made in earlier actions) simply concludes that judicial misconduct, bias and collaboration has occurred, without including assertions of fact in support of these conclusions.  A conclusory affidavit is not sufficient for recusal.  Smith v. Vidonish, 210 Fed. Appx. 152, 155 (3d Cir. 2006)(holding that conclusory statements in a recusal affidavit need not be credited).

Thus, Prall's motion is nothing more than a litany of vituperative and conclusory allegations of this Court's alleged bias, incompetence, and collaboration without one iota of fact to support the bald accusations.  It is well-established that a

10

court need not credit conclusory allegations or legal
conclusions.  Morse v. Lower Merion School District, 132 F.3d
902, 906 n. 8 (3d Cir.1997).  See also Ashcroft v. Iqbal, 129
S.Ct. 1937, 1949-50 (2009).  It is abundantly clear that Prall
has made these unwarranted and baseless assumptions based on the
fact that he was unsuccessful in bringing prior habeas petitions.
Moreover, it is plain that the Third Circuit did not question
this Court's conduct when it remanded this matter for screening
of the Complaint under 28 U.S.C. § 1915(e).  Rather, the Court of
Appeals appropriately determined that Prall's amended Complaint
showed "a continuing danger of serious physical injury that was
imminent at the time he filed his complaint," which this Court
had mistakenly overlooked.   A party's disagreement with a
Court's ruling is not a basis for recusal; otherwise any
unsuccessful litigant would be able to disqualify the Judge who
rendered the unfavorable ruling.  In re TMI Litig., 193 F.3d 613,
728 (3d Cir. 1999), cert. denied 530 U.S. 1225 (2000).

    Accordingly, as Prall has not met the requirements of 28
U.S.C. § 455(a) or 28 U.S.C. § 144, his motion for recusal must
be denied.

### III. <u>CONCLUSION</u>

Therefore, for the reasons expressed above, Prall's motion for vacatur (docket entry no. 17) will be denied as moot, and his motion for recusal (docket entry no. 22) will be denied for lack of merit.  An appropriate Order follows.


<u>s/Freda L. Wolfson</u>
FREDA L. WOLFSON
United States District Judge

Dated: August 19, 2011