```
                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| TORMU E. PRALL, | HONORABLE JEROME B. SIMANDLE |
|     Plaintiff, | |
|   v. | Civil No. 10-1228 (JBS/KMW) |
| JOSEPH L. BOCCHINI, JR., et al., | **MEMORANDUM OPINION** |
|     Defendants. | |

**SIMANDLE**, District Judge:

    This matter is before the Court upon Plaintiff Tormu Prall's emergency motion for reconsideration of this court's order granting the Defendants' motion to seal [Docket Item 38] and motion to compel the Defendants to serve the Plaintiff with their responsive papers. [Docket Item 43.]  The Court finds as follows:

    1.   Local Civil Rule 7.1(i) governs the Court's review of Plaintiff's motion for reconsideration.  Rule 7.1(i) requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its initial decision.  L. Civ. R. 7.1(i).  To prevail on a motion for reconsideration, the movant must show:

> (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Max's Seafood Café ex rel. Lou-Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); see also Tehan v. Disability Management Services, Inc., 111 F. Supp. 2d 542, 549 (D.N.J. 2000).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).

    2.  The Plaintiff does not argue in his motion for reconsideration that the Court applied the wrong legal standard, that new evidence is available, that there has been an intervening change in the law or that the Court overlooked any factual matters that were properly before the Court on the Defendants' motion to seal.  Rather, the Plaintiff argues that as a result of the motion to seal, he was not served with the exhibits.

    3.  The Court must emphasize that the order to seal protects the exhibits, which contain Plaintiff's confidential medical records, from *public* disclosure.  See Loc. Civ. R. 5.3(a)("This rule shall govern any request by a party to seal, or otherwise *restrict public access to* any materials filed with the Court. . .")(emphasis added).  This Court's order to seal these exhibits at issue has no effect on a party's right of access.  As a party to this matter, the Plaintiff is entitled to these exhibits.

4. Therefore, the Plaintiff's motion for reconsideration of the court's order to seal is denied as the Plaintiff's issue regarding service of the exhibits is not a proper basis for reconsideration.

5. The Plaintiff next moves the Court to compel the Defendants to serve their responsive papers, motion to seal and exhibits as he has not received them.  In their opposition papers, the Defendants maintain that they served the Plaintiff with a copy of their responsive papers, motion to seal and the exhibits by regular mail.  The Defendants have agreed to serve these papers on the Plaintiff again by hand delivery.

6. Therefore, the Court will grant the Plaintiff's motion to compel service and Defendants have until Monday, December 5, 2011, to serve the Plaintiff with copies of their response papers to the order to show cause, motion to seal and corresponding exhibits by hand delivery, if they have not already done so.

**November 22, 2011**          **s/ Jerome B. Simandle**
Date                                               JEROME B. SIMANDLE
                                                   United States District Judge