**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**


TORMU E. PRALL,             :
                             :   Civil Action No. 10-1228 (JBS)
          Plaintiff,     :
                             :
                             :
          v.              :   **OPINION**
                             :
CHARLES ELLIS, et al.,     :
                             :
          Defendants.    :


**APPEARANCES:**

TORMU E. PRALL, Plaintiff pro se
#700294B/650739
New Jersey State Prison
P.O. Box 861
Trenton, New Jersey 08625

JEFFREY S. CHIESA,
ATTORNEY GENERAL OF NEW JERSEY
    By:  Christine H. Kim, Deputy Attorney General
25 Market Street, P.O. Box 112
Trenton, New Jersey 08625
    Counsel for Defendants, Michelle R. Ricci, William J.
    Moliens, Chris Holmes, Jimmy Barnes, James Drumm, Ron
    Wagner, James Keil, Lt. Alaimo, and Ortiz

ARTHUR R. SYPEK, JR.
MERCER COUNTY COUNSEL
    By:  Sarah G. Crowley, Deputy County Counsel
McDade Administration Building
640 South Broad Street, P.O. Box 8068
Trenton, New Jersey 08650-0068
    Counsel for Defendants, E. Williams, T. Wilkie, Nurse Pete
    S., and John Does 1-25

**SIMANDLE**, Chief Judge:

    THIS MATTER comes before the Court on the motions of

plaintiff, Tormu E. Prall ("Prall"), for reconsideration of the

September 23, 2011 Opinion and Order dismissing certain claims and defendants in this matter, to amend the record, and for a writ of mandamus.  (Docket entry nos. 40, 50 and 51, respectively).  Defendants Jimmy Barnes and James Keil filed briefs in opposition to Prall's motions to amend the record and for a writ of mandamus on December 20, 2011.  (Docket entry nos. 55 and 56, respectively).  Prall then filed a reply brief on January 17, 2012.  (Docket entry no. 61).  These motions are being considered on the papers pursuant to Fed.R.Civ.P. 78.  For the reasons set forth below, plaintiff's motions are denied.

## I.   BACKGROUND

On or about March 8, 2010, Prall filed a Complaint against numerous defendants,[1] alleging that he has been confined to the Management Control Unit ("MCU") at the New Jersey State Prison ("NJSP") since December 12, 2009, based on allegedly false disciplinary infractions against him.  In his initial Complaint, Prall states that he is a conscientious objector to the criminal

---

[1]  The Complaint names the following defendants:  Joseph L. Bocchini, Jr., Mercer County Prosecutor; Arthur R. Sypek, Jr., Mercer County Counsel; Charles Ellis, Warden at Mercer County Correction Center ("MCCC"); Phyllis Oliver, Head of Internal Affairs at MCCC; Michelle R. Ricci, Administrator at NJSP; Brian M. Hughes; Kelvin S. Ganges; Andrew A. Mair; Sarah G. Crowley; J. McCall; E. Williams; T. Wilkie; Nurse Pete S.; Dr. Robert Roth; Dr. Goorah; Social Worker Lydia; William J. Moliens; Chris Holmes; Jimmy Barnes; James Drumm; Ron Wanger; James Keil; Lt. Alaimo; Crystal Raupp; Ms. Ishmael; Shirley Stephens; Sgt. Newsom; Ortiz; John Does 1-25; John Moes 1-10; and John Roes 1-99.  (Complaint, Caption and ¶¶ 3-8).

justice process as it applies to him and has been incarcerated for his refusal to appear at his January 2008 criminal trial and submit to his ultimate conviction at that trial. (See Complaint at ¶¶ 12-13, Docket entry no. 1). The Complaint further alleges that Prall had been placed in the MCU for three weeks with only a gown and mattress. He received no supplies to clean blood and feces on the floor in his cell. Prall was under close/camera watch during this time. The Complaint also states that when Prall complained about the dirty conditions of his cell, certain correctional officers slapped, joked, punched, kicked, clubbed , and threatened plaintiff. Plaintiff alleges that the camera was covered during this alleged assault. The Complaint did not allege that Prall needed medical treatment for any injuries from the alleged beating. Prall contends that he has remained in a MCU cell without blankets, sheets, shoes, towels, toiletries and canteen privileges. He also was denied access to paralegal assistance and his legal documents purportedly were withheld from him. (Id., Compl., ¶¶ 14, 15).

The Complaint seeks $1 million in compensatory damages and $1 million dollars in punitive damages from the named defendants, as well as unspecified declaratory and injunctive relief. (Id.).

On July 1, 2010, Prall filed an amended Complaint.  (Docket
entry no. 5).[2]  On August 16, 2010, the Honorable Freda L.
Wolfson, U.S.D.J., issued a Memorandum Opinion and Order, (Docket
entry nos. 10 and 11), administratively terminating the case
because Prall's filing was subject to the "three strikes"
provision under 28 U.S.C. § 1915(g), and Prall had failed to pay
the requisite $350.00 filing fee.  Prall had appealed August 16,
2010 Order to the United States Court of Appeals for the Third
Circuit.  (Docket entry no. 12).  On February 3, 2011, Prall
filed a motion to vacate the August 16, 2010 Opinion and Order,
which had administratively terminated his case.  (Docket entry
no. 17).  On or about February 24, 2011, Prall also filed a

---

[2]  Prall's amended Complaint added the following defendants:
Teresa Blair, Attorney General for the State of New Jersey; Brian
Hughes, Mercer County Executive; Kelvin S. Ganges, Mercer County
Chief of Staff; Andrew A. Mair, Mercer County Administrator;
Joseph P. Blaney, Assistant Mercer County Counsel; Sarah G.
Crowley, Deputy County Counsel; Sgt. J. McCall at MCCC; E.
William, Correctional Officer at MCCC; T. Wilkie, Correctional
Officer at MCCC; Pete S., Nurse at MCCC; Sgt. K. Morris at MCCC;
Dr. Robert Roth at the Ann Klein Forensic Center ("AKFC"); Dr.
Gooriah at AKFC; Social Worker Lydia at AKFC; William J. Moliens,
Associate Administrator at NJSP; Chris Holmes, Assistant
Superintendent at NJSP; Jimmy Barnes, Assistant Superintendent at
NJSP; James Drumm, Assistant Superintendent at NJSP; Ron Wagner,
Assistant Superintendent at NJSP; James Keil, Chief of Custody at
NJSP; Lt. Alaimo at NJSP; Crystal Raupp, Social Worker at NJSP;
Ishmael, school teacher at NJSP; Shirley Stephens, Supervisor of
Education at NJSP; Flora J. Defilippo, mental health doctor at
NJSP; Sgt. Ortiz at NJSP; Captain Ortiz at NJSP; John Does 1-25,
unknown named Mercer County Correction Officers; John Moes 1-10,
unknown named Unit Manager and nurses at AKFC; and John Roes 1-
99, unknown named corrections officers, supervisors and Special
Investigation Division ("SID") investigators at NJSP.  (Amended
Complaint at ¶¶ 5, 6, 7, 9, 10, 11, 14-21, 23-38).

motion for a preliminary and permanent injunction.  (Docket entry no. 18).

On April 28, 2011, the Third Circuit issued a judgment on Prall's appeal, vacating the administrative termination of the action under 28 U.S.C. § 1915(g).  Namely, the Third Circuit found that Prall's amended Complaint had alleged "a continuing danger of serious physical injury that was imminent at the time he filed his complaint."  Accordingly, the Third Circuit directed that the August 16, 2010 Order be vacated and remanded the matter to the District Court:

> to grant Prall's motion for leave to proceed IFP if it determines that he has made a sufficient showing of indigence, see Gibbs v. Ryan, 160 F.3d 160, 161 n.1 (3d Cir. 1998), and thereafter to conduct such further proceedings as may be appropriate.  We emphasize that we express no opinion on the merits of Prall's claims and that his complaint remains subject to screening under 28 U.S.C. § 1915(e).  See Gibbs, 160 F.3d at 967.  Prall's motions to expedite this appeal and for other relief are denied.

(April 6, 2011 Opinion at pp. 4-5, Docket entry no. 21).

On May 2, 2011, Prall filed a motion to have Judge Wolfson recuse herself from his case.  He also sought to renew his motion for a preliminary injunction.  (Docket entry no. 22).  In an Opinion and Order filed on August 19, 2011, Judge Wolfson denied Prall's motion for a vacatur (Docket entry no. 17) as well as his motion for recusal (Docket entry no. 22).  (See Docket entry nos. 28 and 29).  Thereafter, in an Opinion and Order filed on September 23, 2011, Judge Wolfson dismissed without prejudice,

pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), all
claims asserted by Prall in his original and amended Complaints
that attempted to challenge Prall's state court conviction,
sentence and/or extradition.  Likewise, Prall's claims against
the Mercer County Prosecutor defendants, namely, defendants
Bocchini and Galuchie were dismissed.  In addition, the original
and amended Complaints were dismissed without prejudice in their
entirety as against named defendants Sypek, Blair, Hughes,
Ganges, Mair, Blakey and Crowley, because Prall failed to state a
viable claim against these defendants based on more than mere
supervisor liability.  Further, Judge Wolfson dismissed without
prejudice Prall's claims asserting conspiracy, retaliation,
denial of access to the courts, and denial of his First Amendment
right to free exercise of religion.  Prall's claims asserting
deprivation of property, denial of due process based on his MCU
placement and classification, denial of due process based on
false disciplinary charges, denial of equal protection, denial of
his Ninth Amendment right to revolt, and denial of his rights
against self-incrimination and to a presumption of innocence, and
his claims asserted against the AKFC defendants, were dismissed
with prejudice, for failure to state a claim, pursuant to 28
U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  However, Judge
Wolfson allowed plaintiff's claims alleging unconstitutional
conditions of confinement and excessive force in violation of his

Eighth and Fourteenth Amendment rights to proceed with respect to the named NJSP defendants, Michelle R. Ricci; William J. Moliens; Chris Holmes; Jimmy Barnes; James Drumm; Ron Wagner; James Keil; Lt. Alaimo; Sgt. Ortiz and Captain Ortiz; and John Roes 1-99, the unknown correctional officers and SID investigators at NJSP; and the MCCC defendants, McCall, Williams, Wilkie and the John Doe MCCC officers.  Plaintiff's claim asserting denial of free exercise of religion in violation of RLUIPA also was allowed to proceed, but Judge Wolfson directed that Prall must amend his Complaint to name the appropriate NJSP defendants with respect to this claim within 30 days from entry of the accompanying Order. Finally, Prall's motion for preliminary injunctive relief (Docket entry no. 18) was denied, except with respect to his claim of ongoing physical abuse.  As to that claim, Judge Wolfson directed that the NJSP defendants, namely, Michelle R. Ricci, William J. Moliens, Chris Holmes, Jimmy Barnes, James Drumm, Ron Wagner, James Keil, Lt. Alaimo, Sgt. Ortiz and Captain Ortiz, respond in writing to the Court concerning Prall's allegations of ongoing physical abuse, and to show cause why an injunction should not be issued against the defendants.  (September 23, 2011 Opinion and Order, Docket entry nos. 31 and 32).  Summons and the original and amended Complaints were issued to the remaining defendants, namely, Jimmy Barnes, James Drumm, Chris Holmes, James Keil, Lt. Alaimo, J. McCall, William J. Moliens, Nurse Pete S., Ortiz,

7

Michelle R. Ricci, Ron Wagner, T. Wilkies, and E. Williams.
(Docket entry no. 33).

On October 6, 2011, this action was reassigned to the
undersigned (Docket entry no. 34).

On October 12, 2011, counsel on behalf of NJSP defendants,
Jimmy Barnes, James Drumm, Chris Holmes, James Keil, Lt. Alaimo,
William J. Moliens, Ortiz, Michelle R. Ricci, and Ron Wagner, who
had not yet been served at that time, filed a response to the
September 23, 2011 Order to Show Cause concerning Prall's
allegations of ongoing physical abuse, as well as a motion to
seal Exhibits D and E of the response.  (Docket entry nos. 35,
36, and 37).  This Court granted the motion to seal Exhibits D
and E, by Order entered on October 24, 2011.  (Docket entry no.
38).

On October 19, 2011, Prall filed an appeal to the United
States Court of Appeals for the Third Circuit with regard to the
September 23, 2011 Opinion and Order that had dismissed certain
claims and defendants from this action.  (Docket entry no. 39).
On October 25, 2011, Prall also filed a motion before this Court
for reconsideration of the September 23, 2011 Opinion and Order.
(Docket entry no. 40).

On October 31, 2011, Prall filed an emergency motion for
reconsideration of the Court's decision granting defendants'
motion to seal certain documents.  Prall's motion also sought to

compel the defendants to serve plaintiff with the responsive
papers and all exhibits attached thereto.  (Docket entry no. 43).
In a Memorandum Opinion and Order entered on November 22, 2011,
this Court denied Prall's motion for reconsideration of the
Court's Order to seal certain exhibits, and granted Prall's
motion to compel service of defendants' response to the order to
show cause, the motion to seal and the corresponding exhibits.
(Docket entry nos. 46 and 47).[3]

On December 1, 2011, Prall filed a motion to amend the
record and a motion for a writ of mandamus, (Docket entry nos. 50
and 51), which, together with his motion for reconsideration
(Docket entry no. 40), are the subject of this Opinion.  Prall's
motion to amend the record pertains to the prison inmate
grievance process at New Jersey State Prison, and relates to the
NJSP defendants' response to the Order to show cause concerning
Prall's allegations of ongoing physical abuse against him at
NJSP.  In particular, Prall alleges that the person accepting or
collecting inmate grievances does not sign, note the date and
time on the form, or give the inmate a copy for his receipt.
Thus, there is no way for an inmate to track his own grievances.

_____

[3]  The docket entry for the November 22, 2011 Order (Docket
entry no. 47) erroneously reflects that the Court's Order
pertained to plaintiff's motion for reconsideration filed as
Docket entry no. 40.  This Court notes that the November 22, 2011
Order actually pertains to plaintiff's motion for reconsideration
of the seal Order, which motion was docketed as entry no. 43.

Responses to inmate grievances are received through the mail. (Docket entry no. 50, Prall Declaration at ¶¶ 1, 2).  Prall further alleges that the only responses he received to his grievances are Documents 13, 15, 26, 30, 31, 41, 44, 51, 53 and 60, which were submitted as Exhibits with defendants' October 12, 2011 brief in response to the order to show cause.  (Id., ¶ 3). He also alleges that he was provided the materials he requested in Exhibits "Doc 1, 3, 29, 43, 52, 68 and 12 without ever receiving any responses."  (Id., ¶ 4).

The motion for a writ of mandamus seeks (1) to compel the Court to reverse or vacate the September 23, 2011 Opinion and Order, (2) to certify issues on appeal before the Third Circuit, and (3) "[t]o acknowledge and redress the seriousness that the New Jersey State Prison defendants and their agents are taking 6, 8, and sometimes 13 days or more to mail Prall['s] legal papers to this Court."  (Docket entry no. 51).

The NJSP defendants filed a letter opposition to Prall's motion to amend the record.  Specifically, defendants argues that: "On the Inmate Remedy Forms, Part 2, there are handwritten dates when the responses were returned to Plaintiff.  Without any evidence [Plaintiff] cannot conveniently state that he never received responses to some of his Inmate Remedy Forms for him to administratively appeal.  Plaintiff faulting the grievance process or the mail system without proof is not enough for him to

amend the record." Accordingly, the NJSP defendants contend that Prall failed to exhaust his administrative remedies before filing a Complaint with this Court. (Docket entry no. 55).

The NJSP defendants also filed a letter in opposition to Prall's motion for a writ of mandamus. The defendants note that Prall alleges that it takes six, eight or thirteen days for NJSP to mail plaintiff's legal documents to the Court. However, the defendants argue that these allegations fail to state a claim and that the NJSP is not a named defendant in this matter. (Docket entry no. 56).

On January 17, 2012, Prall filed a reply in support of his motions. His reply simply repeats his assertions but does not submit documentary or factual evidence to support his claims, other than two legal mail receipts dated January 5, 2012, which do not indicate the legal mail delivered, and a signed and dated acknowledgment of receipt of defendants' exhibits in response to the order to show cause, which is signed and dated by Prall on November 28, 2011. (Docket entry no. 61).

## II.  DISCUSSION

### A.  Motion for Reconsideration

This Court first addresses Prall's motion for reconsideration of the September 23, 2011 Opinion and Order, which dismissed certain claims and defendants from this action. (Docket entry no. 40). Motions for reconsideration are not

expressly recognized in the Federal Rules of Civil Procedure. United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999).  Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b).  Id.  In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.  Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion.  L. Civ. R. 7.1(i); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for reargument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its

prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L.Civ.R. 7.1(I). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831 n.3. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing. See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(i) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."  Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

Here, Prall fails to provide any evidence to show that this Court "overlooked" a factual or legal issue that may alter the disposition of the matter, which is necessary for the Court to entertain the motion for reconsideration.  He has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice.  Rather, Prall merely asserts, without any factual or legal argument, that the September 23,

2011 should be reversed or vacated.  His motion papers are wholly
unrelated and unresponsive to Judge Wolfson's September 23, 2011
ruling on the law in this matter.  Indeed, Prall states in his
motion for reconsideration that he will rely upon his brief dated
September 29, 2011, which he filed in support of his appeal to
the Third Circuit from the September 23, 2011 Opinion and Order.
Prall did not include a copy of this appellate "brief" with his
motion for reconsideration, and this Court does not have the
brief before it in this matter to consider in review of Prall's
motion for reconsideration.  Moreover, whatever was in his
September 29th appeal brief could not have been before Judge
Wolfson, and thus could not have been "overlooked" by her, in the
September 23rd Opinion and Order.  Consequently, this Court has
no submission from Prall from which the Court can discern Prall's
grounds for reconsideration, and thus, Prall fails to satisfy the
threshold for granting a motion for reconsideration.  Prall's
only recourse, if he disagrees with this Court's decision, should
be via the normal appellate process, which he apparently has
invoked.[4]  He may not use a motion for reconsideration to re-
litigate a matter that has been thoroughly adjudicated by this
Court.

---

[4]  The Court notes that Prall has filed an appeal from the
September 23, 2011 Opinion and Order to the Third Circuit.
(Docket entry no. 39).  The appeal is currently pending.  The
brief Prall refers to in his motion for reconsideration allegedly
has been submitted on his appeal to the Third Circuit, but it was
not included or docketed with Prall's notice of appeal papers
that were docketed in this matter on October 19, 2011 at Docket
entry no. 39.

Therefore, Prall's motion for reconsideration (Docket entry no. 40) will be denied.

B.  Motion for a Writ of Mandamus

Next, Prall seeks a writ of mandamus with respect to a claim
that the NJSP takes six to thirteen days to mail Prall's legal
documents to the Court.  The motion also seeks to compel the
Court to reverse or vacate the September 23, 2011 Opinion and
Order in this matter, and to "certify the issues" that are
presently on appeal before the Third Circuit.  (Docket entry no.
51).

The Mandamus Act vests the district court with original
jurisdiction over any action in the nature of mandamus to compel
an officer or agency of the United States to perform a duty owed
to a plaintiff.  See 28 U.S.C. § 1651.  It is well-established
that a writ of mandamus is an extraordinary remedy, to be granted
only in extraordinary cases.  See Heckler v. Ringer, 466 U.S.
602, 616 (1984); United States v. Olds, 426 F.2d 562, 565 (3d
Cir. 1970).  Mandamus relief is appropriate "only when the
plaintiff's claim is clear and certain and the duty of the
officer is ministerial and so plainly prescribed as to be free
from doubt."  Giddings v. Chandler, 979 F.2d 1104, 1108 (5th Cir.
1992).

The Supreme Court has set forth conditions to be established
before mandamus relief is granted:  (1) that plaintiff has a
clear right to have his application adjudicated; (2) that
defendants owe a nondiscretionary duty to rule on the
application; and (3) that plaintiff has no other adequate remedy.

17

See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35
(1980); Kerr v. United States District Court, 426 U.S. 394, 403
(1976)(party seeking issuance of the writ must "have no other
adequate means to attain the relief he desires" and must show
that his "right to issuance of the writ is clear and
indisputable"); United States v. Ferri, 686 F.2d 147, 152 (3d
Cir. 1982), cert. denied, Matthews v. U.S., 459 U.S. 1211 (1983).
Even where this burden is met, the court has discretion to deny
the writ, "even when technical grounds for mandamus are
satisfied." Coombs v. Staff Attorneys, 168 F. Supp.2d 432, 434-
35 (E.D. Pa. 2001)(citation omitted).

Here, the Court finds no basis for mandamus relief. First,
with respect to Prall's claim concerning his legal mail at NJSP,
the claim involves the actions or conduct of state prison
officials, and not federal officers or agencies. Consequently,
he fails to state a claim for mandamus relief under § 1651.

Second, with respect to his claims seeking this Court to
reverse or vacate the September 23, 2011 Opinion and Order, or to
certify issues on appeal, Prall cannot show that the right to the
writ is clear and undisputable. He also has not shown that this
Court owes a non-discretionary duty to Prall to provide the
relief he seeks. Indeed, this Court's function and duty with
regard to review of Prall's claims is a purely discretionary act,
and thus would not fall under the ambit of a mandamus action
pursuant to § 1651.

Finally, Prall has not demonstrated that he has no other remedy.  His appropriate remedy for reversal of the September 23, 2011 Opinion and Order is by appeal to the Third Circuit, which Prall has filed and which is currently pending.  To the extent that Prall seeks a ruling by this Court on his motion for reconsideration of the September 23, 2011 ruling that is now on appeal, such action has now been taken by this Court in this Opinion as discussed above, and the accompanying Order.

Therefore, Prall has failed to show any extraordinary factors that would warrant resort to a petition for a writ of mandamus.  See 28 U.S.C. § 1651.

C.  Motion to Amend the Record

Lastly, this Court addresses Prall's motion to amend the record in this matter concerning his receipt of grievance responses and his inability to exhaust administrative remedies. (Docket entry no. 50).

Prall asks this Court to "amend the record" to reflect his dispute that he received responses to all of his grievances. Prall alleges, without any documentary proof, that it is the fault of the NJSP grievance procedure that he was unable to exhaust his administrative remedies with respect to all of his alleged grievances.  He contends that he did not receive responses to many of the grievances he filed, and he disputes the documentary evidence provided by the NJSP defendants in response

to the order to show cause concerning Prall's allegations of ongoing physical abuse.

To the extent that Prall asks this Court to discredit the defendants' documentary evidence on Prall's mere allegations of dispute without proof, the Court will deny Prall's motion to "amend the record."  However, the Court will consider Prall's allegations as a reply or opposition to the defendants' exhibits in response to the order to show cause, without ruling on the veracity of the allegations in this Opinion.  Accordingly, the Court will deem Prall's motion to "amend the record" as a reply to the order to show cause concerning Prall's allegations of ongoing physical abuse, and the Court will consider Prall's reply when ruling on this issue in a separate, forthcoming Opinion.

### III.   <u>CONCLUSION</u>

Therefore, for the reasons set forth above, plaintiff's motion for reconsideration (Docket entry no. 40) will be denied. Further, plaintiff's motion for a writ of mandamus (Docket entry no. 51) will be denied.  Finally, plaintiff's motion to "amend the record" will be denied, and the motion will be deemed as a reply to the order to show cause concerning plaintiff's allegations of ongoing physical abuse, which will be considered

in a separate, forthcoming Opinion from this Court.  An
appropriate order follows.


                                       **s/ Jerome B. Simandle**
                                    JEROME B. SIMANDLE, Chief Judge
                                    United States District Court

Dated: **March 2, 2012**

21