**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
TORMU E. PRALL,                :
                               :  Civil Action No. 10-1228 (JBS)
           Plaintiff,          :
                               :
                               :
           v.                  :  OPINION
                               :
CHARLES ELLIS, et al.,         :
                               :
           Defendants.         :
```

**APPEARANCES:**

JEFFREY S. CHIESA,
ATTORNEY GENERAL OF NEW JERSEY
    By:  Christine H. Kim, Deputy Attorney General
25 Market Street, P.O. Box 112
Trenton, New Jersey 08625
    Counsel for Defendants, Michelle R. Ricci, William J.
    Moliens, Chris Holmes, Jimmy Barnes, James Drumm, Ron
    Wagner, James Keil, Lt. Alaimo, and Ortiz

ARTHUR R. SYPEK, JR.
MERCER COUNTY COUNSEL
    By:  Sarah G. Crowley, Deputy County Counsel
McDade Administration Building
640 South Broad Street, P.O. Box 8068
Trenton, New Jersey 08650-0068
    Counsel for Defendants, E. Williams, T. Wilkie, Nurse Pete
    S., and John Does 1-25

**SIMANDLE**, Chief Judge:

   THIS MATTER comes before the Court on the motion of plaintiff, Tormu E. Prall ("Prall"), for entry of a preliminary injunction.  In an Opinion and Order entered in this matter on September 23, 2011, (Docket entry nos. 31 and 32), an Order to Show Cause was issued directing certain named New Jersey State

Prison ("NJSP") defendants to respond in writing as to why an injunction should not be issued against the defendants regarding Prall's allegations of ongoing physical abuse. On October 12, 2011, counsel for the NJSP defendants filed a response to the Order to Show Cause. (Docket entry no. 37). The NJSP defendants also filed a motion to seal certain exhibits, (Docket entry nos. 35 and 36), which this Court granted on October 24, 2011. (Docket entry no. 38). This motion for a preliminary injunction is being considered on the papers pursuant to Fed.R.Civ.P. 78. For the reasons set forth below, preliminary injunctive relief will be denied.

## I. BACKGROUND

A. Procedural History

On or about March 8, 2010, Prall filed a Complaint against numerous defendants,[1] alleging that he has been confined to the Management Control Unit ("MCU") at the New Jersey State Prison ("NJSP") since December 12, 2009, based on allegedly false

---

[1] The Complaint names the following defendants: Joseph L. Bocchini, Jr., Mercer County Prosecutor; Arthur R. Sypek, Jr., Mercer County Counsel; Charles Ellis, Warden at Mercer County Correction Center ("MCCC"); Phyllis Oliver, Head of Internal Affairs at MCCC; Michelle R. Ricci, Administrator at NJSP; Brian M. Hughes; Kelvin S. Ganges; Andrew A. Mair; Sarah G. Crowley; J. McCall; E. Williams; T. Wilkie; Nurse Pete S.; Dr. Robert Roth; Dr. Gooriah; Social Worker Lydia; William J. Moliens; Chris Holmes; Jimmy Barnes; James Drumm; Ron Wanger; James Keil; Lt. Alaimo; Crystal Raupp; Ms. Ishmael; Shirley Stephens; Sgt. Newsom; Ortiz; John Does 1-25; John Moes 1-10; and John Roes 1-99. (Complaint, Caption and ¶¶ 3-8).

disciplinary infractions against him.  In his initial Complaint, Prall states that he is a conscientious objector to the criminal justice process as it applies to him and has been incarcerated for his refusal to appear at his January 2008 criminal trial and submit to his ultimate conviction at that trial.  (See Complaint at ¶¶ 12-13, Docket entry no. 1).  The Complaint further alleges that Prall had been placed in the MCU for three weeks with only a gown and mattress.  He received no supplies to clean blood and feces on the floor in his cell.  Prall was under close/camera watch during this time.  The Complaint also states that when Prall complained about the dirty conditions of his cell, certain correctional officers slapped, joked, punched, kicked, clubbed , and threatened plaintiff.  Plaintiff alleges that the camera was covered during this alleged assault.  The Complaint did not allege that Prall needed medical treatment for any injuries from the alleged beating.  Prall contends that he has remained in a MCU cell without blankets, sheets, shoes, towels, toiletries and canteen privileges.  He also was denied access to paralegal assistance and his legal documents purportedly were withheld from him.  (Id., Compl., ¶¶ 14, 15).

   The Complaint seeks $1 million in compensatory damages and $1 million dollars in punitive damages from the named defendants, as well as unspecified declaratory and injunctive relief.  (Id.).

On July 1, 2010, Prall filed an amended Complaint. (Docket entry no. 5).[2] On August 16, 2010, the Honorable Freda L. Wolfson, U.S.D.J., issued a Memorandum Opinion and Order, (Docket entry nos. 10 and 11), administratively terminating the case because Prall's filing was subject to the "three strikes" provision under 28 U.S.C. § 1915(g), and Prall had failed to pay the requisite $350.00 filing fee. Prall had appealed August 16, 2010 Order to the United States Court of Appeals for the Third Circuit. (Docket entry no. 12). On February 3, 2011, Prall filed a motion to vacate the August 16, 2010 Opinion and Order, which had administratively terminated his case. (Docket entry no. 17). On or about February 24, 2011, Prall also filed a

---

[2] Prall's amended Complaint added the following defendants: Teresa Blair, Attorney General for the State of New Jersey; Brian Hughes, Mercer County Executive; Kelvin S. Ganges, Mercer County Chief of Staff; Andrew A. Mair, Mercer County Administrator; Joseph P. Blaney, Assistant Mercer County Counsel; Sarah G. Crowley, Deputy County Counsel; Sgt. J. McCall at MCCC; E. William, Correctional Officer at MCCC; T. Wilkie, Correctional Officer at MCCC; Pete S., Nurse at MCCC; Sgt. K. Morris at MCCC; Dr. Robert Roth at the Ann Klein Forensic Center ("AKFC"); Dr. Gooriah at AKFC; Social Worker Lydia at AKFC; William J. Moliens, Associate Administrator at NJSP; Chris Holmes, Assistant Superintendent at NJSP; Jimmy Barnes, Assistant Superintendent at NJSP; James Drumm, Assistant Superintendent at NJSP; Ron Wagner, Assistant Superintendent at NJSP; James Keil, Chief of Custody at NJSP; Lt. Alaimo at NJSP; Crystal Raupp, Social Worker at NJSP; Ishmael, school teacher at NJSP; Shirley Stephens, Supervisor of Education at NJSP; Flora J. Defilippo, mental health doctor at NJSP; Sgt. Ortiz at NJSP; Captain Ortiz at NJSP; John Does 1-25, unknown named Mercer County Correction Officers; John Moes 1-10, unknown named Unit Manager and nurses at AKFC; and John Roes 1-99, unknown named corrections officers, supervisors and Special Investigation Division ("SID") investigators at NJSP. (Amended Complaint at ¶¶ 5, 6, 7, 9, 10, 11, 14-21, 23-38).

motion for a preliminary and permanent injunction regarding all of his claims asserted in his Complaint and amended Complaint, including his allegations of ongoing physical abuse at NJSP. (Docket entry no. 18).

On April 28, 2011, the Third Circuit issued a judgment on Prall's appeal, vacating the administrative termination of the action under 28 U.S.C. § 1915(g).  Namely, the Third Circuit found that Prall's amended Complaint had alleged "a continuing danger of serious physical injury that was imminent at the time he filed his complaint."  Accordingly, the Third Circuit directed that the August 16, 2010 Order be vacated and remanded the matter to the District Court:

> to grant Prall's motion for leave to proceed IFP if it determines that he has made a sufficient showing of indigence, see Gibbs v. Ryan, 160 F.3d 160, 161 n.1 (3d Cir. 1998), and thereafter to conduct such further proceedings as may be appropriate.  We emphasize that we express no opinion on the merits of Prall's claims and that his complaint remains subject to screening under 28 U.S.C. § 1915(e).  See Gibbs, 160 F.3d at 967.  Prall's motions to expedite this appeal and for other relief are denied.

(April 6, 2011 Opinion at pp. 4-5, Docket entry no. 21).

On May 2, 2011, Prall filed a motion to have Judge Wolfson recuse herself from his case.  He also sought to renew his motion for a preliminary injunction.  (Docket entry no. 22).  In an Opinion and Order filed on August 19, 2011, Judge Wolfson denied Prall's motion for a vacatur (Docket entry no. 17) as well as his motion for recusal (Docket entry no. 22).  (See Docket entry nos.

28 and 29).  Thereafter, in an Opinion and Order filed on September 23, 2011, Judge Wolfson dismissed without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), all claims asserted by Prall in his original and amended Complaints that attempted to challenge Prall's state court conviction, sentence and/or extradition.  Likewise, Prall's claims against the Mercer County Prosecutor defendants, namely, defendants Bocchini and Galuchie.  In addition, the original and amended Complaints were dismissed without prejudice in their entirety as against named defendants Sypek, Blair, Hughes, Ganges, Mair, Blaney and Crowley, because Prall failed to state a viable claim against these defendants based on more than mere supervisor liability.  Further, Judge Wolfson dismissed without prejudice Prall's claims asserting conspiracy, retaliation, denial of access to the courts, and denial of his First Amendment right to free exercise of religion.  Prall's claims asserting deprivation of property, denial of due process based on his MCU placement and classification, denial of due process based on false disciplinary charges, denial of equal protection, denial of his Ninth Amendment right to revolt, and denial of his rights against self-incrimination and to a presumption of innocence, and his claims asserted against the AKFC defendants, were dismissed with prejudice, for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  However, Judge Wolfson

6

allowed plaintiff's claims alleging unconstitutional conditions of confinement and excessive force in violation of his Eighth and Fourteenth Amendment rights to proceed with respect to the named NJSP defendants, Michelle R. Ricci; William J. Moliens; Chris Holmes; Jimmy Barnes; James Drumm; Ron Wagner; James Keil; Lt. Alaimo; Sgt. Ortiz and Captain Ortiz; and John Roes 1-99, the unknown correctional officers and SID investigators at NJSP; and the MCCC defendants, McCall, Williams, Wilkie and the John Doe MCCC officers.  Plaintiff's claim asserting denial of free exercise of religion in violation of RLUIPA also were allowed to proceed, but Judge Wolfson directed that Prall must amend his Complaint to name the appropriate NJSP defendants with respect to this claim within 30 days from entry of the accompanying Order. Finally, Prall's motion for preliminary injunctive relief (Docket entry no. 18) was denied, except with respect to his claim of ongoing physical abuse.  As to that claim, Judge Wolfson directed that the NJSP defendants, namely, Michelle R. Ricci, William J. Moliens, Chris Holmes, Jimmy Barnes, James Drumm, Ron Wagner, James Kiel, Lt. Alaimo, Sgt. Ortiz and Captain Ortiz, respond in writing to the Court concerning Prall's allegations of ongoing physical abuse, and to show cause why an injunction should not be issued against the defendants.  (September 23, 2011 Opinion and Order, Docket entry nos. 31 and 32).  Summons and the original and amended Complaints were issued to the remaining defendants,

namely, Jimmy Barnes, James Drumm, Chris Holmes, James Keil, Lt. Alaimo, J. McCall, William J. Moliens, Nurse Pete S., Ortiz, Michelle R. Ricci, Ron Wagner, T. Wilkies, and E. Williams. (Docket entry no. 33).

On October 6, 2011, this action was reassigned to the undersigned. (Docket entry no. 34).

On October 12, 2011, counsel on behalf of NJSP defendants, Jimmy Barnes, James Drumm, Chris Holmes, James Keil, Lt. Alaimo, William J. Moliens, Ortiz, Michelle R. Ricci, and Ron Wagner, who had not yet been served at that time, filed a response to the September 23, 2011 Order to Show Cause concerning Prall's allegations of ongoing physical abuse, as well as a motion to seal Exhibits D and E of the response. (Docket entry nos. 35, 36, and 37). This Court granted the motion to seal Exhibits D and E, by Order entered on October 24, 2011. (Docket entry no. 38).

On October 19, 2011, Prall filed an appeal to the United States Court of Appeals for the Third Circuit with regard to the September 23, 2011 Opinion and Order that had dismissed certain claims and defendants from this action. (Docket entry no. 39). On October 25, 2011, Prall also filed a motion before this Court for reconsideration of the September 23, 2011 Opinion and Order. (Docket entry no. 40). This Court denied Prall's motion for

reconsideration in a separate Opinion and Order filed on or about the date of entry of this Opinion.

On October 31, 2011, Prall filed an emergency motion for reconsideration of the Court's decision granting defendants' motion to seal certain documents. Prall's motion also sought to compel the defendants to serve plaintiff with the responsive papers and all exhibits attached thereto. (Docket entry no. 43). In a Memorandum Opinion and Order entered on November 22, 2011, this Court denied Prall's motion for reconsideration of the Court's Order to seal certain exhibits, and granted Prall's motion to compel service of defendants' response to the order to show cause, the motion to seal and the corresponding exhibits. (Docket entry nos. 46 and 47).[3]

On December 1, 2011, Prall filed a motion to amend the record and a motion for a writ of mandamus, (Docket entry nos. 50 and 51), which recently were denied in a separate Opinion and Order on March 2, 2012. However, this Court construed Prall's motion to "amend the record" as a reply in regard to the order to show cause concerning Prall's allegations of ongoing physical abuse.

---

[3] The docket entry for the November 22, 2011 Order (Docket entry no. 47) erroneously reflects that the Court's Order pertained to plaintiff's motion for reconsideration filed as Docket entry no. 40. This Court notes that the November 22, 2011 Order actually pertains to plaintiff's motion for reconsideration of the seal Order, which motion was docketed as entry no. 43.

On December 20, 2011, an answer was filed Mercer County Correction Center ("MCCC") defendants, MCCC Officer E. Williams, MCCC Officer T. Wilkie, MCCC Nurse Peter Schroeder (improperly pled as Nurse Pete S.) and John Doe MCCC Officers. (Docket entry no. 54). On December 27, 2011, NJSP defendants Jimmy Barnes and James Keil filed a motion for an extension of time to answer the Complaint and amended Complaint. (Docket entry no. 58). On February 1, 2012, the remaining NJSP defendants, James Drumm, Chris Holmes, Lt. Alaimo, William J. Moliens, Ortiz, Michelle R. Ricci, and Ron Wagner also filed a motion for an extension of time to answer. (Docket entry no. 68).

On December 28, 2011, Prall filed a motion for entry of default and to enjoin defendants Nurse Pete S., T. Wilkie and E. Williams from applying for vacatur once a default is entered against them. (Docket entry no. 59). On January 17, 2012, Prall filed a motion for an issuance of a summons and service of the complaints upon defendant K. Newsom. (Docket entry no. 64). On February 1, 2012, Prall also filed a motion to compel discovery from the MCCC defendants. (Docket entry no. 69). These motions are currently pending, and do not impact on the present motion concerning Prall's claims of ongoing physical abuse by the NJSP defendants.

B.  <u>Factual Allegations</u>

In his Complaint and amended Complaint, Prall asserts that he is being subjected to unconstitutional treatment and conditions of confinement at the MCU at NJSP in violation of his rights under the Eighth Amendment.  First, Prall alleges that, when he was first placed in the MCU, he was put under camera watch for three weeks and given only a gown and a mattress on the floor in his cell during this time.  He states that the floor and walls in his cell were filthy, covered in blood and feces.  He had complained about the conditions and that his skin was itching from not taking showers.  No remedy was provided.

After the three weeks expired, Prall was placed in a regular cell in the MCU.  He states that he was not given a blanket, sheets, slippers, shoes, "draws", towels, wash rag, hygiene supplies, exercise or emergency canteen.  Prall does admit that he received "one pair" of clothing (instead of the usual three), is allowed a 10 minute shower each day and isolated yard recreation/exercise outside his cell once per week.  However, he further complains that his MCU placement has caused him to suffer "extreme isolation."  Visitation is rare and restricted to glass window with no contact allowed.  Prall claims that he is deprived of "almost any environmental or sensory stimuli and of almost all human contact."  He generally alleges that prisoners in the MCU are tortured, beaten, harassed and mistreated by the correctional

11

officers in the MCU.  Prall states that the officers slap, punch, kick, club and threaten plaintiff both physically and mentally.  He alleges that these attacks are ongoing.  Prall contends that he is treated this way to force him to modify his behavior and renounce his sincerely held religious beliefs.

In particular, with regard to his claim of physical abuse and excessive force, Prall has alleged that NJSP correctional officers have slapped his face, stomped on his toes and fingers, sprayed mace in his eyes, nose, throat and on his genitals and rectal areas.  He has been poked with needles, kicked with boots, punched, and electrocuted with devices that burn holes in rugs.

In their response to the September 23, 2011 Order to Show Cause, the NJSP defendants set forth the inmate grievance procedure for inmates at NJSP.  In accordance with N.J.A.C. 10A:8-1.1 to 10A:8-3.6, the NJSP has adopted Inmate Handbooks that set forth the rights and privileges of its inmates at NJSP.  The Inmate Handbook also sets forth the inmate grievance procedure at NJSP.  (Declaration of Brenda A. Hutton, ¶¶ 3, 5 at Docket entry no. 37-2, and Exhibit B at Docket entry no. 37-3).

In particular, Inmate Remedy System Forms ("IRSF") are made available to NJSP inmates within their housing units, at the prison law library, and from the unit social workers.  (Hutton Decl., ¶ 6 and Ex. B).  Once an inmate completes the IRSF and submits it, the IRSF is given to the appropriate staff person for

a response. When the inmate receives a response to his IRSF, he may then appeal the response. After an administrative response is provided to the inmate's appeal, the inmate's administrative remedies have been exhausted. (Hutton Decl., ¶¶ 7-9 and Ex. B).

The NJSP defendants state that Prall has filed numerous IRSFs, and attaches them to their response at Exhibit C to Hutton's Declaration. (Docket entry no. 37-3). Out of the numerous IRSFs filed by Prall, he briefly mentions being "physically abused" by NJSP officers only twice in April 2010. (See Hutton Decl., Ex. C at DOC3 and DOC6). For instance, on April 6, 2010, Prall complained about the lack of supplies for his legal work and that he was placed in MCU to hinder his legal capabilities and to physically and mentally abuse him. (Id. at DOC3). Then, on April 15, 2010, Prall filed an IRSF alleging that he was physically abused when he complained about the showers and other conditions at the MCU. (Id. at DOC6). Prall has not filed any other IRSFs since April 2010 complaining about alleged ongoing physical abuse. (See Hutton Decl., Ex. C).

The NJSP defendants also state that Prall has filed only two Health Services Request Forms from 2010 to the present time; one requesting Benadryl and the other seeking an appointment with an optometrist. (Hutton Decl., Ex. D). There are no medical request forms for any alleged injuries from physical abuse.

Further, Prall's NJSP medical records do not disclose any medical treatment for the alleged physical abuse that Prall

claims he is continually experiencing, such as his allegations of choking, marks on his face, injured toes, fingers, eyes, nose, throat, genital area, needle marks, and/or signs of electrocutions.  (Hutton Decl., Ex. E).  In addition, NJSP defendants show that Prall underwent several mental health evaluations that did not reveal any psychological problems related to being housed in the MCU and purportedly being subjected to physical abuse.  (Hutton Decl., Ex. E at MED22-24, MED26-31, MED38-44, MED65, MED69-71, MED78-80, MED84, MED91, MED96, and MED98).  Moreover, Prall underwent several medical/physical examinations that did not disclose any physical injuries consistent with Prall's allegations of physical abuse.  In fact, there are no notations in Prall's medical records at NJSP that he had any physical injuries attributable to physical abuse, and physical examinations and observations made during 2010 and early 2011 did not reveal any physical injuries.  (Hutton Decl., Ex. E at MED5, MED32-34, MED73-76, MED82-83).

     Finally, the NJSP defendants state that when an incident of physical abuse occurs or is suspected to have happened, the Special Investigations Division ("SID") will conduct an investigation.  (See Declaration of Vincent B. Wojciechowicz, ¶ 4 and N.J.A.C. 10A:21-5.1(a)).  After an investigation is completed, the SID will prepare written reports regarding any incident brought to its attention.  N.J.A.C. 10A:21-8.5(a).  A search of the SID records reveals no incidents between Prall and

NJSP corrections officers from February 5, 2010 to September 28, 2010 that led to an SID investigation. (Wojciechowicz Decl., ¶ 5).

However, on September 28, 2010, the SID did receive a copy of Prall's complaints in this action alleging physical abuse. (Wojciechowicz Decl., ¶ 6).  Consequently, SID Investigator Shawn Harrison conducted an investigation of Prall's allegations. (Wojciechowicz Decl., ¶ 7).  On September 30, 2011, the SID requested NJSP medical staff to conduct a physical examination of Prall to determine if there were any injuries from the alleged physical abuse, but Prall refused to leave his cell and participate in the medical assessment. (Wojciechowicz Decl., ¶¶ 8, 9).  Therefore, NJSP medical staff, namely, Neal West, R.N., completed a visual assessment of plaintiff that revealed no signs of physical injury or distress. (Wojciechowicz Decl., ¶¶ 10, 11, 13).

As noted above, Prall filed a motion to amend the record, which this Court construes as plaintiff's reply to the NJSP defendants' response to the order to show cause regarding Prall's allegations of ongoing physical abuse.  In his motion papers, Prall alleges that the person accepting or collecting inmate grievances does not sign, note the date and time on the form, or give the inmate a copy for his receipt.  Thus, Prall claims that there is no way for an inmate to track his own grievances. Responses to inmate grievances are received through the mail.

15

(Docket entry no. 50, Prall Declaration at ¶¶ 1, 2). Prall further alleges that the only responses he received to his grievances are Documents 13, 15, 26, 30, 31, 41, 44, 51, 53 and 60, which were submitted as Exhibit with defendants' October 12, 2011 brief in response to the order to show cause. (Id., ¶ 3). He also alleges that he was provided the materials he requested in Exhibits "Doc 1, 3, 29, 43, 52, 68 and 12 without ever receiving any responses." (Id., ¶ 4).

Prall's reply indicates that he disputes defendants' argument that he failed to exhaust his administrative remedies, and that to the extent that he did not file an appeal, it was the fault of the NJSP administrators in failing to provide a response to his grievances. Crucially for purposes of the present motion for injunctive relief, he does not provide any factual proof or documentary evidence to support his claim of ongoing physical abuse.

## II.   DISCUSSION

To secure the extraordinary relief of a preliminary injunction or temporary restraining order ("TRO"), plaintiff must demonstrate that "(1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants]; and (4) granting the injunction is in the public interest." Maldonado v. Houston, 157 F.3d 179, 184 (3d Cir. 1998), cert. denied, 526 U.S. 1130 (1999)(as to a preliminary

16

injunction); see also Ballas v. Tedesco, 41 F. Supp.2d 531, 537 (D.N.J. 1999) (as to temporary restraining order).  A plaintiff must establish that all four factors favor preliminary relief. Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187 (3d Cir. 1990).  The standards for a permanent injunction are essentially the same as for a preliminary injunction, except that the plaintiff must show actual success on the merits, not a likelihood of success, to obtain a permanent injunction.  See University of Texas v. Camenisch, 451 U.S. 390, 392 (1981).

Here, based on this Court's review of the documentary evidence provided by the NJSP defendants, it is manifest that Prall cannot show that he will likely succeed on the merits of his claim of ongoing physical abuse.  As illustrated above, there are no records of any kind, either through medical examinations, grievance forms and SID investigations to support that Prall was a victim of ongoing physical abuse as he alleges.  The Court also notes that during his initial admission to the MCU, he was under close supervision/observation, and the records detailing the staff's observations of Prall do not disclose any accounts of physical injuries to Prall during this time.

Moreover, Prall made only a general allegation of physical abuse in two IRSFs he submitted in April 2010.  He provides no evidence or other documentary proof to support the allegations he noted in his amended Complaint in this action.  Thus, based on

17

the documentary evidence provided by the NJSP defendants and Prall's failure to provide any evidence to refute the record, this Court finds that Prall is unlikely to succeed on the merits of his claim, and therefore, a preliminary injunction should not issue.

Similarly, because Prall can not provide any factually demonstrable support for his bald allegations, and the record provided by the NJSP defendants negate Prall's allegations of ongoing physical abuse, Prall has not shown irreparable harm necessary to warrant issuance of a preliminary injunction.

Moreover, a prisoner lacks standing to seek injunctive and declaratory relief if he is no longer subject to the alleged conditions. See Abdul-Akbar v. Watson, 4 F.3d 195, 197 (3d Cir. 1993); Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981). Because Prall cannot show any evidence of ongoing physical abuse, and because the medical records and SID records fail to disclose any incident of physical abuse, Prall's request for preliminary injunctive relief as to his allegations of ongoing physical abuse must be denied as moot.

Consequently, where Prall cannot show all four factors necessary for issuance of a preliminary injunction, his motion for such relief must be denied.

III. <u>CONCLUSION</u>

Therefore, for the reasons set forth above, plaintiff's motion for a preliminary injunction regarding his allegations of ongoing physical abuse will be denied. An appropriate order follows.

                                           <u>s/ Jerome B. Simandle</u>
                                           JEROME B. SIMANDLE, Chief Judge
                                           United States District Court

Dated: **March 5, 2012**