**NOT FOR PUBLICATION**

```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY


TORMU E. PRALL,                  :
                                 :  Civil Action No. 10-1228 (JBS)
           Plaintiff,            :
                                 :
                                 :
           v.                    :  OPINION
                                 :
CHARLES ELLIS, et al.,           :
                                 :
           Defendants.           :
```

**APPEARANCES:**

    TORMU E. PRALL, Plaintiff <u>pro se</u>
    #700294B/650739
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625

    CHRISTINE H. KIM, ESQ.
    STATE OF NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
    25 Market Street, P.O. Box 112
    Trenton, New Jersey 08625
    Counsel for Defendants, Michelle R. Ricci, William J.
    Moliens, Chris Holmes, Jimmy Barnes, James Drumm, Ron
    Wagner, James Keil, Lt. Alaimo, and Ortiz

    JOI LYNNE ORTIZ, ESQ.
    OFFICE OF THE MERCER COUNTY COUNSEL
    McDade Administration Building
    640 South Broad Street, P.O. Box 8068
    Trenton, New Jersey 08650-0068
    Counsel for Defendants, E. Williams, T. Wilkie, Nurse Pete
    S., and John Does 1-25

**SIMANDLE,** District Judge

    THIS MATTER comes before the Court on the motion of plaintiff, Tormu E. Prall ("Prall"), for entry of default and an injunction against defendants, E. Williams, T. Wilkie, Nurse Pete

S., filed on or about December 28, 2011. (Docket entry no. 59). Defendants, E. Williams, T. Wilkie, Nurse Pete S., filed a response in opposition to Prall's motion on or about January 30, 2012. (Docket entry no. 67). This motion is being considered on the papers pursuant to Fed.R.Civ.P. 78. For the reasons set forth below, plaintiff's motion is denied.

## I. BACKGROUND

In an Opinion and Order filed on September 23, 2011, the Honorable Freda L. Wolfson, U.S.D.J., dismissed without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), all claims asserted by Prall in his original and amended Complaints that attempted to challenge Prall's state court conviction, sentence and/or extradition. Likewise, Prall's claims against the Mercer County Prosecutor defendants, namely, defendants Bocchini and Galuchie were dismissed. In addition, the original and amended Complaints were dismissed without prejudice in their entirety as against named defendants Sypek, Blair, Hughes, Ganges, Mair, Blakey and Crowley, because Prall failed to state a viable claim against these defendants based on more than mere supervisor liability. Further, Judge Wolfson dismissed without prejudice Prall's claims asserting conspiracy, retaliation, denial of access to the courts, and denial of his First Amendment right to free exercise of religion. Prall's claims asserting deprivation of property, denial of due process

based on his MCU placement and classification, denial of due process based on false disciplinary charges, denial of equal protection, denial of his self-styled Ninth Amendment right to revolt, and denial of his rights against self-incrimination and to a presumption of innocence, and his claims asserted against the AKFC defendants, were dismissed with prejudice, for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  However, Judge Wolfson allowed plaintiff's claims alleging unconstitutional conditions of confinement and excessive force in violation of his Eighth and Fourteenth Amendment rights to proceed with respect to the named NJSP defendants, Michelle R. Ricci; William J. Moliens; Chris Holmes; Jimmy Barnes; James Drumm; Ron Wagner; James Keil; Lt. Alaimo; Sgt. Ortiz and Captain Ortiz; and John Roes 1-99, the unknown correctional officers and SID investigators at NJSP; and the MCCC defendants, McCall, Williams, Wilkie and the John Doe MCCC officers.  Plaintiff's claim asserting denial of free exercise of religion in violation of RLUIPA also were allowed to proceed, but Judge Wolfson directed that Prall must amend his Complaint to name the appropriate NJSP defendants with respect to this claim within 30 days from entry of the accompanying Order.  Finally, Prall's motion for preliminary injunctive relief (Docket entry no. 18) was denied, except with respect to his claim of ongoing physical abuse.  As to that claim, Judge Wolfson directed that the NJSP

defendants, namely, Michelle R. Ricci, William J. Moliens, Chris Holmes, Jimmy Barnes, James Drumm, Ron Wagner, James Kiel, Lt. Alaimo, Sgt. Ortiz and Captain Ortiz, respond in writing to the Court concerning Prall's allegations of ongoing physical abuse, and to show cause why an injunction should not be issued against the defendants. (September 23, 2011 Opinion and Order, Docket entry nos. 31 and 32). Summons and the original and amended Complaints were issued to the remaining defendants, namely, Jimmy Barnes, James Drumm, Chris Holmes, James Keil, Lt. Alaimo, J. McCall, William J. Moliens, Nurse Pete S., Ortiz, Michelle R. Ricci, Ron Wagner, T. Wilkies, and E. Williams. (Docket entry no. 33).

On October 6, 2011, this action was reassigned to the undersigned. (Docket entry no. 34).

On October 12, 2011, counsel on behalf of NJSP defendants, Jimmy Barnes, James Drumm, Chris Holmes, James Keil, Lt. Alaimo, William J. Moliens, Ortiz, Michelle R. Ricci, and Ron Wagner, who had not yet been served at that time, filed a response to the September 23, 2011 Order to Show Cause concerning Prall's allegations of ongoing physical abuse, as well as a motion to seal Exhibits D and E of the response. (Docket entry nos. 35, 36, and 37). This Court granted the motion to seal Exhibits D and E, by Order entered on October 24, 2011. (Docket entry no. 38).

4

On October 19, 2011, Prall filed an appeal to the United States Court of Appeals for the Third Circuit with regard to the September 23, 2011 Opinion and Order that had dismissed certain claims and defendants from this action. (Docket entry no. 39). On October 25, 2011, Prall also filed a motion before this Court for reconsideration of the September 23, 2011 Opinion and Order. (Docket entry no. 40).

On October 31, 2011, Prall filed an emergency motion for reconsideration of the Court's decision granting defendants' motion to seal certain documents. Prall's motion also sought to compel the defendants to serve plaintiff with the responsive papers and all exhibits attached thereto. (Docket entry no. 43). In a Memorandum Opinion and Order entered on November 22, 2011, this Court denied Prall's motion for reconsideration of the Court's Order to seal certain exhibits, and granted Prall's motion to compel service of defendants' response to the order to show cause, the motion to seal and the corresponding exhibits. (Docket entry nos. 46 and 47).[1]

On December 1, 2011, Prall filed a motion to amend the record and a motion for a writ of mandamus, (Docket entry nos. 50

---

[1] The docket entry for the November 22, 2011 Order (Docket entry no. 47) erroneously reflects that the Court's Order pertained to plaintiff's motion for reconsideration filed as Docket entry no. 40. This Court notes that the November 22, 2011 Order actually pertains to plaintiff's motion for reconsideration of the seal Order, which motion was docketed as entry no. 43.

and 51), which, together with his motion for reconsideration (Docket entry no. 40), were denied by this Court in an Opinion and Order entered on March 2, 2012.  (Docket entry nos. 75 and 76).  In addition, on March 5, 2012, this Court issued an Opinion and Order denying Prall's motion for a preliminary injunction against certain New Jersey State Prison defendants regarding allegations of ongoing physical abuse during plaintiff's confinement in the Management Control Unit ("MCU") at the New Jersey State Prison ("NJSP").  (Docket entry nos. 77 and 78).

Less than two months after issuance of the Court's September 23, 2011 Opinion and Order, on December 20, 2011, defendants, E. Williams, T. Wilkie, Nurse Pete S., filed an answer to the Complaint and amended Complaint, together with affirmative defenses.  (Docket entry no. 54).  Apparently crossing in the mail, on or about December 28, 2011, this Court received Prall's motion for entry of default and injunction against defendants, E. Williams, T. Wilkie, Nurse Pete S.  (Docket entry no. 59).  In his motion and Declaration in support of his motion, Prall reiterates legal arguments and factual allegations in support of his claims against these defendants, E. Williams, T. Wilkie, Nurse Pete S.  (Docket entry no. 59).

On January 30, 2012, defendants, E. Williams, T. Wilkie, Nurse Pete S., filed an opposition to plaintiff's motion.  (Docket entry no. 67).  Defendants argue that plaintiff's motion

is now without merit or has been remedied because defendants had filed an answer with affirmative defenses before Prall filed his motion, and because the parties have been actively engaged in discovery with respect to plaintiff's claims in his Complaint and amended Complaint.  (Docket entry no. 67).  Plaintiff has not replied to defendants' response.

## II.   DISCUSSION

Prall asks this Court to enter default against defendants, E. Williams, T. Wilkie, Nurse Pete S., and enjoin them from seeking a vacatur of entry of default.  This motion would appear to have been submitted to the Court before Prall's receipt of the defendants' answer in this action.  The docket in this case shows that the summons were served by the U.S. Marshals on these defendants on November 22, 2011 and were returned executed on November 28, 2011.  (Docket entry no. 48).  Defendants' answer was due on December 13, 2011 (see Docket entry no. 48), and an answer was in fact filed merely one week later on December 20, 2011.[2]  (Docket entry no. 54).  Accordingly, Prall's request for

---

[2] A party in this district may obtain an automatic extension of 14 days to answer a complaint or other pleading on an order granted by the Clerk of Court.  L. Civ. R. 6.1(b).  This rule exists because, generally speaking, no prejudice is caused by the filing of an answer within 14 days after the due date.  Likewise, in this case, where the answers of these defendants were filed within 14 days of the due date but before the filing of plaintiff's request for entry of default, the request for default is mooted.  Given the confusing status of the pleadings at that point in time, these defendants' slight tardiness beyond the date to answer is excusable and caused no harm to the interests of

entry of default is rendered moot because an answer was filed before he submitted his motion for entry of default.

To the extent that Prall's motion contains legal argument and factual allegations in support of his claims against these defendants, E. Williams, T. Wilkie, Nurse Pete S., for default judgment, these factual showings are premature because there is no pending dispositive motion. In the future, if there is summary judgment motion practice by either party, these and other facts and circumstances will become relevant.[3]

### III. CONCLUSION

Therefore, for the reasons set forth above, plaintiff's motion for entry of default and injunction against vacating default (Docket entry no. 59) will be denied. An appropriate order follows.

                                         **s/ Jerome B. Simandle**
                                         JEROME B. SIMANDLE, Chief Judge
                                         United States District Court

Dated: September 27, 2012

---

justice.

[3] This Court's opinion should not be construed in any way as deciding the merits of Plaintiff's claims, nor should it be interpreted as suggesting that a motion for summary judgment may be approved or should be filed on behalf of any party.