**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
TORMU E. PRALL,                      :
                                     :    Civil Action No. 10-1228 (JBS)
            Plaintiff,               :
                                     :
       v.                            :         O P I N I O N
                                     :
JOSEPH L. BOCCHINI, et al.,          :
                                     :
            Defendants.              :
```

**APPEARANCES:**

    TORMU E. PRALL, Petitioner pro se
    #700294B/65073
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625

    CHRISTINE H. KIM, ESQ.
    STATE OF NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
    25 Market Street, P.O. Box 112
    Trenton, New Jersey 08625
    Counsel for Defendants, Michelle R. Ricci, William J.
    Moliens, Chris Holmes, Jimmy Barnes, James Drumm, Ron
    Wagner, James Keil, Lt. Alaimo, and Ortiz

    JOI LYNNE ORTIZ, ESQ.
    OFFICE OF THE MERCER COUNTY COUNSEL
    McDade Administration Building
    640 South Broad Street, P.O. Box 8068
    Trenton, New Jersey 08650-0068
    Counsel for Defendants, E. Williams, T. Wilkie, Nurse Pete
    S., and John Does 1-25

**SIMANDLE,** Chief Judge

    This matter comes before the Court upon pro se plaintiff, Tormu E. Prall's ("Prall") motion to vacate the September 23, 2011 Opinion and Order that dismissed certain claims and

defendants in Prall's civil Complaint and first amended Complaint. (Docket Entry Nos. 31 and 32). Prall filed his motion to vacate on or about April 30, 2012. (Docket Entry No. 98). This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the motion will be denied.

## I.  BACKGROUND

In an Opinion and Order filed on September 23, 2011, the Honorable Freda L. Wolfson, U.S.D.J., dismissed without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), all claims asserted by Prall in his original and amended Complaints that attempted to challenge Prall's state court conviction, sentence and/or extradition. Likewise, Prall's claims against the Mercer County Prosecutor defendants, namely, defendants Bocchini and Galuchie were dismissed. In addition, the original and amended Complaints were dismissed without prejudice in their entirety as against named defendants Sypek, Blair, Hughes, Ganges, Mair, Blakey and Crowley, because Prall failed to state a viable claim against these defendants based on more than mere supervisor liability. Further, Judge Wolfson dismissed without prejudice Prall's claims asserting conspiracy, retaliation, denial of access to the courts, and denial of his First Amendment right to free exercise of religion. Prall's claims asserting deprivation of property, denial of due process

based on his MCU placement and classification, denial of due process based on false disciplinary charges, denial of equal protection, denial of his Ninth Amendment right to revolt, and denial of his rights against self-incrimination and to a presumption of innocence, and his claims asserted against the AKFC defendants, were dismissed with prejudice, for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  However, Judge Wolfson allowed plaintiff's claims alleging unconstitutional conditions of confinement and excessive force in violation of his Eighth and Fourteenth Amendment rights to proceed with respect to the named NJSP defendants, Michelle R. Ricci; William J. Moliens; Chris Holmes; Jimmy Barnes; James Drumm; Ron Wagner; James Keil; Lt. Alaimo; Sgt. Ortiz and Captain Ortiz; and John Roes 1-99, the unknown correctional officers and SID investigators at NJSP; and the MCCC defendants, McCall, Williams, Wilkie and the John Doe MCCC officers.  Plaintiff's claim asserting denial of free exercise of religion in violation of RLUIPA also were allowed to proceed, but Judge Wolfson directed that Prall must amend his Complaint to name the appropriate NJSP defendants with respect to this claim within 30 days from entry of the accompanying Order.  Finally, Prall's motion for preliminary injunctive relief (Docket entry no. 18) was denied, except with respect to his claim of ongoing physical abuse.  As to that claim, Judge Wolfson directed that the NJSP

3

defendants, namely, Michelle R. Ricci, William J. Moliens, Chris Holmes, Jimmy Barnes, James Drumm, Ron Wagner, James Kiel, Lt. Alaimo, Sgt. Ortiz and Captain Ortiz, respond in writing to the Court concerning Prall's allegations of ongoing physical abuse, and to show cause why an injunction should not be issued against the defendants.  (September 23, 2011 Opinion and Order, Docket entry nos. 31 and 32).

In a motion to vacate filed on April 30, 2012, (Docket entry no. 98), Prall attacks the character of Judge Wolfson and argues that her decision is based on "tyranny," "oppression" and "every variety of injustice that satisfied her whim of the moment." (Motion at ¶¶ 1, 2).  Prall also appears to argue that dismissal of his claims asserting violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, was "flawed" and attempts to reargue his "conscientious objection" claims that also were dismissed because they were challenging a state court conviction more appropriately raised in a habeas action after exhaustion of state court remedies. (Motion at ¶¶ 4-15).  In short, Prall simply is attempting to re-litigate the rulings made by Judge Wolfson in the September 23, 2011 Opinion and Order.  Prall's application to vacate, more appropriately recharacterized as a motion for reconsideration, does not provide any elucidation how the Court allegedly

4

overlooked any legal or factual issues that would warrant reconsideration.

It would seem that Prall chose to label his motion to vacate because he previously filed a motion for reconsideration (Docket entry no. 40), that was denied by this Court on March 2, 2012. (See March 2, 2012 Opinion and Order at Docket entry nos. 75 and 76). This Court further notes that Prall filed an appeal from the September 23, 2011 Opinion and Order to the United States Court of Appeals for the Third Circuit (Docket entry no. 39), which was later dismissed for failure to timely prosecute and pay the requisite fee as directed. (See May 3, 2012 Order, Docket entry no. 102).

## II. ANALYSIS

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b). Id. In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters "which [it] believes the

5

Court has overlooked" when it ruled on the motion.  L. Civ. R. 7.1(i); see <u>NL Industries, Inc. v. Commercial Union Insurance</u>, 935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for reargument is high and reconsideration is to be granted only sparingly.  <u>See United States v. Jones</u>, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  <u>Max's Seafood Café v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* <u>N. River Ins. Co. v. CIGNA Reinsurance Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995)).  The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  <u>Compaction Sys. Corp.</u>, 88 F. Supp.2d at 345; <u>see also</u> L.Civ.R. 7.1(i); <u>Dunn v. Reed Group</u>, 2010 U.S. Dist. LEXIS 2438 (D.N.J. Jan. 13, 2010)(L.Civ.R. 7.1(i) creates a specific procedure by which a party may ask the court to take a second look at any decision "upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision").  "The word 'overlooked' is the operative term in the Rule."  <u>Bowers</u>, 130 F. Supp.2d at 612 (citation omitted); <u>see also</u> <u>Compaction Sys. Corp.</u>, 88 F. Supp.2d at 345.

6

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831 n.3. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing. See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(i) does not allow parties to restate arguments which the court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron

7

U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

Here, Prall fails to allege that the Court actually "overlooked" a factual or legal issue that may alter the disposition of the matter, which is necessary for the Court to entertain the motion for reconsideration. Instead, Prall simply disagrees with Judge Wolfson's decision.

Consequently, Prall cannot satisfy the threshold for granting a motion for reconsideration. He has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice. Prall's only recourse, if he disagrees with this Court's decision, should be via the normal appellate process. He may not use this second motion for

reconsideration to re-litigate a matter that has been thoroughly adjudicated by the Court.

### III. CONCLUSION

Therefore, for the reasons expressed above, Prall's motion to vacate the September 23, 2011 Opinion and Order in this matter (Docket entry no. 98), more appropriately recharacterized as a motion for reconsideration, will be denied for lack of merit. An appropriate Order follows.


                                          **s/ Jerome B. Simandle**
                                          JEROME B. SIMANDLE, Chief Judge
                                          United States District Court

Dated: **November 7, 2012**