```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| TORMU E. PRALL, | Civil No.: 10-1228(JBS) |
| Plaintiff, |  |
| v. | **MEMORANDUM OPINION AND ORDER** |
| JOSEPH L. BOCCHINI, JR., et al., |  |
| Defendants. |  |

THIS MATTER having come before the Court by way of motion of Plaintiff, Tormu E. Prall, to file a third amended Complaint and for relief from December 21, 2012 and December 26, 2012 Opinions (Docket entry no. 171), and the Court having considered the papers submitted herein, and Defendants' opposition to the motion (Docket entry no. 181), and for the reasons expressed herein and for good cause shown, and it appearing that:

   1. On or about January 8, 2013, Plaintiff filed a motion to file a third amended Complaint and to be relieved from this Court's December 21, 2012 and December 26, 2012 Opinions and Orders. In support of his motion, Plaintiff attaches three inmate remedy forms dated November 2, 2011, November 11, 2011, and December 10, 2011; the proposed third amended Complaint; and a notice of written deposition questions for the undersigned to answer. (Docket entry no. 171, 171-1).

2. Plaintiff's third amended Complaint simply adds the Defendants who have been dismissed from this action since September 23, 2011, and most recently, on December 26, 2012. Plaintiff also seeks to re-instate paragraphs 1 through 196 of his second amended Complaint and Counts I through VIII. (See Docket entry no. 171-1).

3. On March 1, 2013, the New Jersey State Prison ("NJSP") Defendants, Jimmy Barnes, James Drumm, Chris Holmes, James Keil, Lt. Alaimo, William J. Moleins, Ortiz, and Michelle R. Ricci, filed an opposition to Plaintiff's motion. (Docket entry no. 181). The NJSP Defendants argue that the motion should be denied because it is disguised as a motion for reconsideration, and because Plaintiff does not bring any new claims or attempt to cure deficient claims. The NJSP Defendants also contend that the motion to amend is a futile gesture because the allegations are meritless. (Docket entry no. 181).

4. On December 21, 2012, this Court issued an Opinion and Order granting in part and denying in part Plaintiff's motion to file a second amended Complaint. For instance, this Court denied Plaintiff's attempt to re-introduce claims and parties in this action that were previously dismissed in the September 23, 2011 Opinion and Order. However, the Court allowed Plaintiff to amend his Complaint to add new allegations of physical abuse allegedly occurring in March 2012. (Docket entry nos. 163, 164).

5. On December 26, 2012, this Court granted in part the New Jersey State Prison ("NJSP") Defendants motion for summary

2

judgment, dismissing all claims against the NJSP Defendants except the newly added Eighth Amendment claims of physical and sexual abuse stemming from the March 2012 alleged incidents. The Court also denied Plaintiff's motion for summary judgment, and his requests for miscellaneous discovery. (Docket entry nos. 166, 167).

     6. Plaintiff now seeks relief from the above December 21, 2012 and December 26, 2012 Orders. Such request for relief from these Orders is construed as a motion for reconsideration. A motion for reconsideration is "an extraordinary remedy to be granted very sparingly." In re Lord Abbett Mut. Funds Fee Litig., 417 F. Supp.2d 624, 627 (D.N.J. 2005)(internal quotation marks omitted). There are three grounds for relief upon which a motion for reconsideration may be granted, under L.Civ.R. 7.1(i): "(1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." Connolly v. Mitsui O.S.K. Lines (Am.) Inc., No. 04-5127, 2010 WL 715775, at *1 (D.N.J. Mar. 1, 2010). The Local Rule dictates that the movant must identify the matter or controlling decisions that the Court "has overlooked." L.Civ.R. 7.1(i). Moreover, reconsideration is not appropriate to "relitigate old matters" or to voice disagreement with the court's decision. See Flores v. Predco Servs. Corp., No. 10-1320, 2011 WL 3273573, at *2 (D.N.J. July 29, 2011). "A motion for reconsideration is improper when it is used to ask the

Court to rethink what it has already thought through—rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Md., 744 F. Supp. 1311, 1314 (D.N.J. 1990)(internal quotation marks omitted).

7. Plaintiff's motion fails to establish any of the three grounds for relief necessary to grant a motion for reconsideration. Plaintiff fails to identify any controlling decisions that this Court has purportedly overlooked. Plaintiff also fails to provide any factual support for reconsideration or relief from judgment. Plaintiff merely refers to three post-dated inmate remedy forms that were not filed until well after this action had been initiated, and after the September 23, 2011 Opinion and Order dismissing most of Plaintiff's claims that Plaintiff now seeks to reinstate by a third amendment. Finally, Plaintiff's motion amounts to little more than a repeated attempt to relitigate old matters. Plaintiff's request to depose this Court in this action about the December 2012 decisions is improper when it is designed to ask the Court to rethink what was already thoroughly decided. Beyond that, Plaintiff seeks to treat this Court in a vexatious manner in total disregard of all procedural rules. This Court warns Mr. Prall to cease such behavior, or he will be subject to having this case dismissed for vexatious litigation tactics under 28 U.S.C. § 1927 and under the court's inherent power to address the misconduct of litigants. Plaintiff's only proper course if he disagrees with this Court's decision is to file an appeal.

8. To the extent that Plaintiff now wishes to amend his action yet a third time, the motion to amend must be denied. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend should be freely given when justice so requires. The decision to permit amendment is discretionary. <u>Toll Bros., Inc. v. Township of Readington</u>, 555 F.3d 131, 144 n. 10 (3d Cir. 2009). Among the legitimate reasons to deny a motion is that the amendment would be futile. <u>Lorenz v. CSX Corp.</u>, 1 F.3d 1406, 1414 (3d Cir. 1993)(citation omitted). Futility is determined by the standard of legal sufficiency set forth in <u>Fed.R.Civ.P.</u> 12(b)(6). <u>In re Burlington Coat Factory Litigation</u>, 114 F.3d 1410, 1434 (3d Cir.1997). Accordingly, an amendment is futile where the complaint, as amended, would fail to state a claim upon which relief could be granted. <u>Id</u>.

9. This Court finds Plaintiff's attempt to amend his Complaint for a third time to be futile. The NJSP Defendants correctly point out that the third amended Complaint merely seeks to re-instate allegations, claims and defendants that were previously dismissed from this action by Court Orders dated September 23, 2011, December 21, 2012, and December 26, 2012. Plaintiff's proposed amendment does not cure any of the deficiencies of the claims he now seeks to reinstate. Instead, Plaintiff simply "reincorporates" paragraphs 1-196 and Counts I through VIII of his second amended Complaint, which were dismissed by this Court's December 21, 2012 Opinion and Order. Thus, Plaintiff's motion is yet another repetitive, vexatious and

meritless attempt to re-litigate matters that have been dismissed from this action after thorough review by this Court. Accordingly, Plaintiff's motion to file a third amended Complaint will be denied.

THEREFORE, the Court having considered this matter pursuant to Fed.R.Civ.P. 78, and for good cause shown,

IT IS, on this __**28th**__ day of __**March**__, **2013**,

ORDERED that Plaintiff's motion to file a third amended Complaint and to be relieved from the December 21, 2012 and December 26, 2012 Opinions (Docket entry no. 171) is hereby DENIED; and it is further

ORDERED that plaintiff shall cease his vexatious litigation practices such as continuing to attempt to raise claims that have already been dismissed with prejudice, and attempting to convert this neutral court into an adversary such as by serving discovery requests upon judicial or court officers; failure to comply with this directive will result in dismissal of the case for willful misconduct under 28 U.S.C. § 1927; and it is further

ORDERED that the Clerk shall serve this Order on the Plaintiff by regular mail, and on counsel for the remaining defendants electronically.

    **s/ Jerome B. Simandle**
JEROME B. SIMANDLE, Chief Judge
United States District Court

6