UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TORMU E. PRALL, | : | Civil No.: 10-1228(JBS) |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM OPINION AND ORDER** |
| JOSEPH L. BOCCHINI, JR., et al., | : | |
| Defendants. | : | |

THIS MATTER having come before the Court by way of applications of Plaintiff, Tormu E. Prall, for deposition upon written questions (Docket entry nos. 174 and 185), and the Court having considered the papers submitted herein, and for the reasons expressed herein and for good cause shown, and it appearing that:

1.  On or about January 15, 2013, Plaintiff filed a demand for written deposition questions, pursuant to Rule 31 of the Federal Rules of Civil Procedure, to the Honorable Freda L. Wolfson, U.S.D.J., challenging the legal basis for the Opinion and Order issued by Judge Wolfson in this matter on September 23, 2011.  (Docket entry no. 174).

2.  On or about March 7, 2013, Plaintiff filed a demand for written deposition questions, pursuant to Rule 31 of the Federal Rules of Civil Procedure, to the undersigned, also apparently challenging the decisions rendered by this Court in this matter,

in particular, on December 21, 2012 and December 26, 2012. (Docket entry no. 185).

3. The scope of discovery in civil matters is fairly broad, and parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Fed.R.Civ.P. 26(b)(1). However, because the purpose of discovery is to uncover facts about the claims and defenses set forth in the pleadings, the boundaries of relevance under Rule 26 depend on the context of each action. See Salamone v. Carter's Retail, Inc., Civ. No. 09-5856, 2011 WL 1458063, at *2 (D.N.J. Apr.14, 2011)(Brown, C.J.); accord Hickman v. Taylor, 329 U.S. 495, 501, 507 (1947)(the purpose of discovery is to "clarify the basic issues between the parties and ... ascertain[ ] the facts, or information as to the existence or whereabouts of facts, relative to those issues").

4. Pursuant to Fed.R.Civ.P. 26(b)(2)(C), the court must limit the scope of discovery if the court determines that the discovery sought is "unreasonable, cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive. Fed.R.Civ.P. 26(b)(2)(C)(i).

5. Here, Plaintiff seeks to depose by written questions the undersigned and Judge Wolfson regarding legal issues that formed the basis for judicial decisions rendered on September 23, 2011, December 21, 2012, and December 26, 2012. Aside from the obvious fact that this Court and Judge Wolfson are not parties to this action or persons in possession of facts pertaining to the claims

asserted by Plaintiff in this action, it also is clear that the proposed written questions by Plaintiff are not designed to ascertain facts or information as to the existence or whereabouts of facts relating to Plaintiff's claims.  Rather, Plaintiff's written questions are nothing more than questions concerning legal arguments he has with regard to the Court's written decisions in this matter.  To the extent that Plaintiff disagrees with the Court's decisions, the proper mechanism for relief is by appeal, not by demand for deposition by written questions.

6.  Furthermore, Plaintiff's discovery demands of the Court itself pertaining to judicial decisions with which Plaintiff disagrees is unreasonable and vexatious, such that it must be barred pursuant to Fed.R.Civ.P. 26(b)(2)(C)(i).

THEREFORE, the Court having considered this matter pursuant to Fed.R.Civ.P. 78, and for good cause shown,

It is on this __**2nd**__ day of __**April**__, **2013**,

ORDERED that Plaintiff's requests for deposition upon written questions (Docket entry nos. 174 and 185), are hereby DENIED WITH PREJUDICE; and it is further

ORDERED that the Clerk shall serve this Order on the Plaintiff by regular mail, and on counsel for the remaining defendants electronically.

      **s/ Jerome B. Simandle**
      JEROME B. SIMANDLE, Chief Judge
      United States District Court