IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TORMU E. PRALL, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH L. BOCCHINI, JR., et al., <br><br> Defendants. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action <br> No. 10-1228 (JBS-KMW) <br><br> **OPINION** |

APPEARANCES:

TORMU E. PRALL
700294B/650739
New Jersey State Prison
P.O. Box 861
Trenton, NJ  08625
    Plaintiff Pro Se

ALEX ZOWIN, ESQ.
STATE OF NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
25 Market Street, P.O. Box 112
Trenton, New Jersey 08625
    Attorney for Defendants Jimmy Barnes, J. Dominguez, James
    Drumm, Chris Holmes, J. Ilardi, Suzanne Lawrence, Officer
    McNair, Officer Moura, William J. Moleins, Kenneth Nelsen,
    Ruben Ortiz, Michelle R. Ricci, Charles Warren, and
    Sergeant Lindsey

**SIMANDLE, Chief Judge:**

I.  INTRODUCTION

    This matter comes before the Court on the motion of

Defendants Jimmy Barnes, J. Dominguez, James Drumm, Chris

Holmes, J. Ilardi, Suzanne Lawrence, Officer McNair, Officer

Moura, William J. Moleins, Kenneth Nelsen, Ruben Ortiz, Michelle R. Ricci, Charles Warren, and Sergeant Lindsey's ("Defendants") for Summary Judgment on the final remaining claims of the complaint. Docket Entry 354. Pro se Plaintiff Tormu E. Prall did not file any opposition to the motion. The motion is being considered on the papers pursuant to Fed. R. Civ. P. 78(b), and shall be granted for the reasons set forth below.

## II. BACKGROUND

### A. Procedural History

Plaintiff, a prisoner at New Jersey State Prison ("NJSP"), filed a civil complaint pursuant to 42 U.S.C. § 1983 on or about March 8, 2010. Complaint, Docket Entry 1. Since that time, several defendants and claims have been added and dismissed, the complete history of which is set forth in detail in this Court's prior opinions and orders. The history relevant to the instant motion is set forth below.

Plaintiff alleges that on March 10, 2012, NJSP Officers Ilardi and McNair, Sergeant Lindsey, and two unknown officers forced Plaintiff to perform oral sex on them. Motion for Injunction, Docket Entry 81 ¶ 1. He also alleged Officer Dominguez and one of the unknown officers "ransacked" Plaintiff's cell and threw away or confiscated Plaintiff's legal documents related to this case before the sexual assault occurred, leaving Plaintiff's cell in a "shambles." Id. ¶ 2.

Plaintiff further alleged that Sergeant Gilmartin and other unknown custody supervisors failed to contact the Special Investigation Division ("SID") about the incident, failed to summon medical staff to provide medical treatment for Plaintiff, and failed to prevent the officers under their command and control from starving Plaintiff. Id. ¶ 3.

Plaintiff alleged in a later motion that the investigation conducted by SID was a "sham," and that the SID officers told him that nothing would come of his allegations of sexual assault. Declaration in Support of Motion, Docket Entry 84 ¶ 4. He also alleged that Disciplinary Hearing Officer C. Ralph approached his cell on March 13, 2012, and told him that she was present to find Plaintiff guilty on disciplinary charges. Plaintiff replied that he had never been served with disciplinary charges, at which time she allegedly told Plaintiff that "her good friends Michelle R. Ricci, William J. Moleins, Chris Holmes, James Drumm, Ron Wagner, James Keil, Captain Ortiz, Prison Administrator Charles Warren, Education Supervisor Shirley Stephens, Social Worker Crystal Raupp, School Teacher Ishmael, Mental Health Doctor Flora J. Defilippo, and her good friends" in the Attorney General's Office "asked her to sanction [Plaintiff] to administrative segregation." Id. ¶¶ 5-6. He then stated Officer Dominguez and two unknown officers came to his

3

cell, beat him, made him ingest hallucinating drugs, and again forced him to perform oral sex on them. Id. ¶ 8.

Thereafter, Plaintiff filed a second amended complaint ("SAC") without leave of court. SAC, Docket Entry 135. Plaintiff attempted to re-introduce claims that were previously dismissed, add new parties, and add new claims regarding his allegations of physical abuse. The new claims included the allegations that on March 10, 2012, Officers Dominguez and Moura ransacked his cell, followed by Sergeant Lindsey, Officer McNair, Officer Ilardi and two unknown correctional officers forced Plaintiff to perform oral sex on them. Id. ¶ 123. Plaintiff further alleged that Officers Dominguez, Moura, and Ilardi, as well as Sergeant Gilmartin and unknown nurses and custody supervisors, refused to provide Plaintiff medical treatment and covered up the incident until it was reported to the SID on March 11, 2012. Id. Plaintiff also raised a retaliation claim, asserting he received disciplinary sanctions at the direction of defendants Holmes, Ricci, Barnes, Moleins, Warren, Nelsen, Lawrence, and unidentified Attorney General staff in order to punish him for pursuing this litigation. Id. ¶ 124.

This Court permitted portions of the second amended complaint to proceed and directed the DOC and newly-added defendants to respond to Plaintiff's new allegations of physical and sexual abuse, denial of medical care, and retaliation.

4

December 21, 2012 Order, Docket Entry 164. On December 26, 2012, this Court partially granted a previously-filed motion for summary judgment and dismissed all claims against the DOC Defendants except the newly added physical and sexual abuse, denial of medical care, and retaliation charges. December 26, 2012 Order, Docket Entry 167.

   Throughout this litigation, Plaintiff sought to obtain access to the footage of the video taken outside of his cell on March 10, 2012. After being informed the video could not be produced as it had been overwritten, Plaintiff filed a motion for sanctions against all defendants. Docket Entry 241 at 3. Magistrate Judge Karen M. Williams granted Plaintiff's motions for sanctions in the form of an adverse jury inference, Docket Entry 280, and Defendants filed a motion for reconsideration on June 26, 2014, Docket Entry 285. While the motion for reconsideration was pending, Defendants filed motions for summary judgment on Plaintiff's claims of physical and sexual abuse. Docket Entry 298. The Court denied the motion for summary judgment as Defendants were subject to the spoliation inference at the time; however, the Court granted leave to refile the motion in the event Magistrate Judge Williams granted the motion for reconsideration. Slip Opinion, Docket Entry 317 at 37-38. Magistrate Judge Williams ultimately granted the motion for reconsideration on September 14, 2015. Docket Entry 336.

Shortly thereafter, Defendants refiled their motion for summary judgment on the physical and sexual abuse claims. Docket Entry 339. Plaintiff filed opposition to the motion. Docket Entry 345. The Court granted the motion on March 29, 2016. Docket Entry 349. On March 31, 2016, the DOC Defendants requested permission to file a motion for summary judgment on the only remaining claims: denial of medical care and retaliation. Docket Entry 351. The Court granted the request, and the instant motion was filed on April 8, 2016, Docket Entry 354. Plaintiff did not file opposition to the motion for summary judgment.

**B. Statement of Facts**

    1.   *Allegations in Pleadings*

In the sole remaining claims from Plaintiff's second amended complaint, Plaintiff asserts that on March 10, 2012, the DOC Defendants refused to provide Plaintiff medical treatment after the alleged physical and sexual assault. SAC ¶ 123. Plaintiff also alleges he received disciplinary sanctions in retaliation for pursuing this litigation. Id. ¶ 124. He stated Hearing Officer Ralph informed him that her friends "Holmes, Ricci, Barnes, Moleins, Warren, Nelsen, Lawrence, and Attorney General staff" asked her to sanction Plaintiff because he was pursuing this litigation. Id.

    2. *Defendants' Statement of Material Facts*

6

On March 10, 2012, Officer Dominguez ordered Plaintiff to return to his cell after using the shower. Defendants' Statement of Material Facts ("DSOF"), Docket Entry 354-2 ¶ 3. Plaintiff twice refused to comply, but eventually did return to his cell. Id. ¶¶ 3-4. When he arrived at his cell, however, he placed a jar of Vaseline in between the cell door and door-jamb, preventing the door from closing and locking. Id. ¶¶ 4-6. He refused to remove it, and Officer Dominguez called for assistance from his supervisor, Sergeant Lindsey. Id. ¶ 7. Sergeant Lindsey responded to the scene along with Officers McNair and DiMichele, and directed Plaintiff to remove the jar; Plaintiff refused. Id. ¶¶ 8-9; Defendants' Exhibit D, Docket Entry 354-7 at 10. The officers then ordered Plaintiff to leave his cell. DSOF ¶ 10. Plaintiff exited the cell, and the officers proceeded to inventory the cell before requesting permission to place him on pre-hearing detention ("PHD") status. Id. ¶¶ 11-12. Lieutenant Mendez initially approved the request, and Administrator Warren later also approved the request via telephone. Id. ¶ 12; Exhibit D at 9-10. Sergeant Gilmartin delivered a copy of the disciplinary charges to Plaintiff the next day. DSOF ¶ 18; Exhibit D at 3; Plaintiff's Deposition Transcript, Defendants' Exhibit B, Docket Entry 345-5 at 83:18-24, 84:16-17.

Nurse Carol Milroy attempted to evaluate Plaintiff prior to his placement in PHD on March 10; however, Plaintiff refused to be evaluated. DSOF ¶¶ 13-14; Exhibit D at 14. She did a visual inspection and saw no visible injuries. DSOF ¶¶ 15-16. Plaintiff was strip-searched and returned to his cell. Id. ¶ 17; Exhibit D at 25-27. She evaluated Plaintiff again on March 11. DSOF ¶ 19; Defendants' Exhibit C. Plaintiff denied any physical injuries at that time, and Nurse Milroy did not observe any. DSOF ¶ 20; Exhibit C at 2-4.

Hearing Officer Ralph conducted Plaintiff's disciplinary hearing on March 13, 2012. DSOF ¶ 21; Exhibit D at 5. Plaintiff denied placing the jar in the doorway, but she determined Plaintiff was guilty of tampering with or blocking any locking device, prohibited act *.154; and refusing to obey an order of a staff member, prohibited act .256. DSOF ¶ 22; Exhibit D at 5-7; 21-23. Plaintiff was sanctioned with 15 days in detention, 90 days in administrative segregation, 60 days loss of commutation time, and 15 days loss of recreation privileges. Exhibit D at 40. Plaintiff appealed the determination on March 15, 2012, and the decision was affirmed on March 31, 2012. DSOF ¶¶ 23-24; Exhibit D at 34-39. Plaintiff did not ask the New Jersey Superior Court Appellate Division to review the charges or sanctions. DSOF ¶ 25.

### III. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law, and disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Id.*

The non-moving party "need not match, item for item, each piece of evidence proffered by the movant, but must simply present more than a mere scintilla of evidence on which a jury could reasonably find for the non-moving party. *Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998) (internal citation and quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," no genuine issue for trial exists and summary judgment shall be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted). The Court will view any evidence in favor of the nonmoving party and extend any reasonable favorable

9

inferences to be drawn from that evidence to that party. *See Scott v. Harris*, 550 U.S. 372, 378 (2007).

**IV. DISCUSSION**

Defendants are moving for summary judgment on the final remaining claims of the SAC: denial of medical care and retaliation. Plaintiff, proceeding in this case pro se, has not filed any opposition to the instant motion. Plaintiff's failure to respond "is not alone a sufficient basis for the entry of a summary judgment." *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990). The Court must still determine whether granting summary judgment is appropriate. *See* Fed. R. Civ. Pro. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact ... the court may grant summary judgment if the motion and supporting materials ... show that the movant is entitled to it."). The Court does, however, deem Defendants' facts undisputed for the purposes of this motion. Fed. R. Civ. Pro. 56(e)(2); Local Civ. R. 56.1(a).

**A. Denial of Medical Care**

Plaintiff alleges he was denied medical care after the alleged physical and sexual assault on March 10, 2012.[1] As a

---

[1] Although Plaintiff claimed another assault occurred on or about March 13, 2012, the SAC only alleges he was denied medical care between the March 10 assault and the reporting of the assault to SID on March 11. SAC ¶ 123.

10

convicted and sentenced prisoner, Plaintiff's right to adequate medical care is protected by the Eighth Amendment.

In order to show a violation of the Eighth Amendment, Plaintiff must demonstrate (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). Deliberate indifference is more than mere negligence, and may be found where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) intentionally delays necessary medical treatment based on a non-medical reason; or (3) deliberately prevents a prisoner from receiving needed medical treatment. *See Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013) (citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)).

In support of their motion for summary judgment, Defendants have submitted portions of Plaintiff's medical records from the relevant time period. Exhibit C. Nurse Milroy's notes indicate she was called to Plaintiff's cell to perform a medical evaluation on March 10, 2012. Id. at 8. According to the report, she observed Plaintiff standing fully-dressed in the shower area with no apparent physical injuries. Id. As he was being removed from the shower area, Plaintiff stated that he did not want to

11

be evaluated by medical. Id. Nurse Milroy asked if he was refusing to speak with her, and Plaintiff answered "yes." Id. When asked if he had any injuries, Plaintiff responded "'[Y]es, I have significant [injuries] to which I want to discuss later without DOC here.'" Id. She told Plaintiff now was the time to speak with her, and Plaintiff reiterated he would talk about it "'later.'" Id.

The records also reflect Nurse Milroy evaluated Plaintiff in the medical clinic on March 11, 2012. Id. at 2-4. According to her report, Plaintiff "ambulated without incident, denies any physical injury at this time. [T]his writer did not see any visible injuries on the [Plaintiff]." Id. at 4. According to the report, Plaintiff did not clarify his previous remarks about injuries or indicate he still had concerns that he wanted to discuss at a later point in time. Id.

Based on the record before the Court, no reasonable jury could conclude Defendants were deliberately indifferent to any serious medical need. Even assuming for summary judgment purposes that Plaintiff had a serious medical need on March 10, 2012, there is no support for the allegation that Defendants intentionally refused to provide treatment, intentionally delayed treatment, or deliberately prevented Plaintiff from receiving needed medical treatment. See Pierce, 520 F. App'x at 66. The undisputed evidence before the Court indicates Nurse

12

Milroy attempted to evaluate Plaintiff prior to him being placed on PHD status on March 10, 2012, but he refused to be evaluated at that point in time. Exhibit C at 8. Although he stated he was injured and would talk about it "later," id., the evidence before the Court indicates he did not discuss his alleged injuries with Nurse Milroy when he went to the clinic the next day, id. at 4. In fact, he denied being injured at all. Id.

The record before the Court indicates a medical professional spoke with Plaintiff twice within the relevant period of time, and Plaintiff either refused to be treated or denied anything was wrong. There is no support in the record for Plaintiff's allegations that Defendants did anything to prevent Plaintiff from receiving medical care other than Plaintiff's self-serving interrogatory answers. *See* Interrogatories, Defendants' Exhibit A, Docket Entry 354-4 ¶ 2. Even the interrogatory answers are conclusory and lack any specific facts as to how Defendants acted unconstitutionally. In the absence of further support, those vague, conclusory statements are insufficient to create an issue for trial. *See Gonzalez v. Sec'y of Dep't of Homeland Sec.*, 678 F.3d 254, 263 (3d Cir. 2012); *United States v. Donovan*, 661 F.3d 174, 185 (3d Cir. 2011)(noting that once moving party carries initial burden, "the nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*" (internal citations and

13

quotation marks omitted) (emphasis in original)). As Plaintiff has not submitted any evidence to this Court to contradict Defendants' evidence, no reasonable jury could find in his favor, and Defendants are entitled to summary judgment.

## B. Retaliation

Defendants argue they are entitled to summary judgment on Plaintiff's retaliation claim as it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny. As a verdict in Plaintiff's favor on this claim would necessarily call into question the validity of the disciplinary charges, Defendants are entitled to summary judgment.

In *Heck*, the Supreme Court held that before a § 1983 plaintiff may "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Id.* at 486-87. The Court extended the holding to prison disciplinary proceedings in *Edwards v. Balisok*, 520 U.S. 641 (1997).

To succeed on his retaliation claim, Plaintiff must prove that Defendants filed disciplinary charges against him because

14

of Plaintiff's lawsuits against prison officials, not because he actually refused to obey an order and prevented his door from locking. He alleges Hearing Officer Ralph informed him that she was going to impose sanctions on him not because he was guilty, but because Defendants told her to. SAC ¶ 124. "The due process requirements for a prison disciplinary hearing are in many respects less demanding than those for criminal prosecution, but they are not so lax as to let stand the decision of a biased hearing officer . . . ." *Edwards*, 520 U.S. at 647. Were Plaintiff to succeed on this claim, the validity of the disciplinary proceedings are necessarily called into question. Under *Heck* and *Edwards*, Plaintiff may not proceed on this claim unless and until his disciplinary charges have been overturned. Defendants are therefore entitled to summary judgment.

## V. CONCLUSION

For the reasons stated above, the Defendants' motion for summary judgment is granted, and the second amended complaint will be dismissed. An accompanying Order will be entered.


 **June 23, 2016**                             **s/ Jerome B. Simandle**
Date                                          JEROME B. SIMANDLE
                                              Chief U.S. District Judge